**STATE of Missouri, Respondent,**

v.

**Christopher J. RAHBERGER, Appellant.**

**No. WD 39533.**

Missouri Court of Appeals,
Western District.

March 22, 1988.

Dennis J.C. Owens, Kansas City, for appellant.

William L. Webster, Atty. Gen., Karen A. King, Asst. Atty. Gen., Jefferson City, for respondent.

Before GAITAN, P.J., and TURNAGE and CLARK, JJ.

TURNAGE, Judge.

In accordance with a plea bargain, Christopher J. Rahberger pleaded guilty on April 9, 1987, to robbery in the first degree. As a part of the bargain, the State dismissed a charge of armed criminal action. Also as a part of the bargain, the State recommended a term of imprisonment of ten years. After conducting a hearing, the court accepted the plea bargain and sentenced Rahberger to a term of ten years.

On May 7, 1987, Rahberger filed a motion to withdraw the guilty plea and to vacate the judgment. Among the grounds alleged in the motion was an allegation that his attorney failed to advise him that the two victims of the robbery had not positively identified Rahberger. The court overruled the motion without a hearing on the ground that it was ludicrous.

On this appeal, Rahberger contends he is entitled to an evidentiary hearing on the motion. Reversed and remanded.

In *State v. Mountjoy*, 420 S.W.2d 316, 323[4–8] (Mo.1967), the court held:

> "An application made pursuant to Rule 27.25 after the imposition of sentence to withdraw a plea of guilty is necessarily an attack on the validity of that sentence within the meaning of Rule 27.26, and the procedure to be followed is set forth in that rule...." [1]

1. Rule 27.25 became Rule 29.07(d) on January 1, 1980. Rule 27.26 was repealed, effective January 1, 1988, and its provisions were incorporated into Rule 29.15. Under 29.15(m), a motion under Rule 27.26 in a case in which sentence was pronounced prior to January 1, 1988, shall continue to be governed by the provision of Rule 27.26.

Rule 29.07(d) provides that a motion to withdraw a plea of guilty made after imposition of sentence may be granted only to correct manifest injustice. In *Hall v. State*, 496 S.W.2d 300, 303[4, 5] (Mo.App. 1973), the court stated the familiar rule that once a guilty plea is entered, the adequacy of representation becomes immaterial except to the extent that the ineffectiveness of counsel bears on the issue of the voluntary nature and understanding of the plea. The court further held that a criminal defendant is bound by the plea "unless he can allege and prove serious derelictions on the part of counsel sufficient to show that his plea was not a knowing and intelligent act."

Under Rule 27.26, Rahberger would be entitled to an evidentiary hearing on his motion if he pleaded facts, not conclusions, which if true would entitle him to relief, and if such factual allegations are not refuted by the files and records of the case. *Ray v. State of Missouri*, 644 S.W.2d 663, 666[3] (Mo.App.1982).

The allegation of particular concern in the present motion is that Rahberger's attorney failed to advise him that the two victims had not positively identified Rahberger as the person who had committed the robbery. There is nothing in the files and records, including the transcript of the guilty plea hearing, that refutes this allegation. This allegation, if true, would be a ground on which the plea could be set aside because it could not be said that the plea was voluntary and intelligently made when Rahberger was not aware that the victims of the crime could not positively identify him.

In *Moore v. State* 685 S.W.2d 627 (Mo. App.1985), the court held that an evidentiary hearing was required upon the allegation, among others, that the attorney did not advise the defendant as to the relative strengths and weakness of the State's case.

The State concedes that if Rule 27.26 applies, Rahberger might have been entitled to an evidentiary hearing. Rule 27.26 does apply, and because the motion complies with the requirements of that rule, Rahberger is entitled to an evidentiary hearing on his motion.

The judgment is reversed, and this cause is remanded for an evidentiary hearing on the motion to withdraw the plea of guilty.

All concur.