**Robert Ray CHARLES, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 42972.**

Missouri Court of Appeals,
Western District.

July 3, 1990.

David S. Durbin, Appellate Defender, John L. Vohs, Asst. Appellate Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Stewart M. Freilich, Asst. Atty. Gen., Jefferson City, for respondent.

Before NUGENT, C.J., and FENNER and ULRICH, JJ.

PER CURIAM:

Robert Ray Charles appeals from the denial of his Rule 24.035 motion for postconviction relief without an evidentiary hearing. He pleaded guilty to forgery (§ 570.090, RSMo 1986) and on June 15, 1989, was sentenced to three years imprisonment, to run concurrently to other terms which he was serving when sentenced.

On July 17, 1989, Mr. Charles filed a pro se Rule 24.035 motion for postconviction relief and requested a hearing. Counsel was appointed and on October 10, 1989, filed an amended motion realleging violation of the plea agreement and requesting a hearing.

A hearing date was set, and the state then moved the court to reconsider the grant of a hearing and to dismiss the motion. The court denied the state's motion. The state filed a second motion for reconsideration and to dismiss, which was granted on December 20, 1989. The court's entire order states:

> NOW ON THIS DAY, the Court having been presented with Respondent's "Second Motion to Reconsider Grant of Evidentiary Hearing," hereby dismisses Movant's 24.035 Pro Se and Amended Motions to Vacate, Correct or Set Aside Judgment and Sentence in CR89–1385.

■ Mr. Charles appeals, claiming that the motion court failed to make findings of fact and conclusions of law. The state argues that because Mr. Charles' claim may be capable of determination without findings, this court should "dispose of appellant's point on the record ... in the best interests of judicial economy."

The Supreme Court of Missouri ruled in *Fields v. State*, 572 S.W.2d 477 (Mo. banc 1978), that courts considering Rule 27.26 postconviction motions will comply with Rule 27.26(i) and make findings of fact and conclusions of law on all issues presented. Rule 24.035(i) states, "The court *shall* issue findings of fact and conclusions of law on all issues presented, *whether or not a hearing is held*." (Emphasis added). The instruction announced in *Fields* applies to Rule 24.035 motions. *Sederes v. State*, 776 S.W.2d 479 (Mo.App.1989); *Holloway v. State*, 764 S.W.2d 163 (Mo.App.1989).

■ Review is limited to a determination of whether the findings and conclusions of the hearing court are clearly erroneous. Rule 24.035(j). Appellate courts will not supply the necessary findings of fact by implication; to do so would improperly constitute a de novo review. *Criner v. State*, 790 S.W.2d 524, 525 (Mo.App.1990). The record is void of findings of fact and conclusions of law in accordance with Rule 24.035(i).

The case is remanded for further proceedings not inconsistent with this opinion.