James David TREHAN, Jr.,
Movant–Appellant,

v.

STATE of Missouri, Respondent–
Respondent.

No. 17464.

Missouri Court of Appeals,
Southern District,
Division Two.

June 15, 1992.

Motion for Rehearing or Transfer Denied
July 6, 1992.

Application to Transfer Denied
Sept. 22, 1992.

Raymond L. Legg, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Hugh L. Marshall, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

SHRUM, Presiding Judge.

The movant James David Trehan, Jr. appeals after the denial of his Rule 24.035 motion without an evidentiary hearing. The movant raises three points on appeal, including an allegation that he was abandoned by his appointed post-conviction counsel. We reverse and remand.

### FACTS

The movant pled guilty on March 27, 1987, to a charge of receiving stolen property. The trial court sentenced him to a term of seven years, stayed execution of the sentence, and placed him on supervised probation. On September 13, 1990, the trial court found he had violated the terms of his probation, revoked his probation, and ordered execution of the seven-year sentence.

On November 7, 1990, using Form No. 40, the movant filed a timely pro se Rule 24.035 motion to vacate the judgment and sentence. We quote in its entirety the movant's paragraph 8, in which he was to state concisely all grounds known to him for vacating, setting aside, or correcting his conviction and sentence:

(a) Ineffective Counsel

(b) I was convicted for attempting to deprive someone of their property although the victim is unknown.

(c) Made a Plea of Guilty without a full understanding of the nature of the charge and sentence.

The movant left blank paragraph 9 of the standard form motion in which he was to state the facts that supported the grounds set out in paragraph 8.

Pursuant to Rule 24.035(e), the motion court appointed counsel on November 15, 1990, and, pursuant to Rule 24.035(f), granted the movant a 30–day extension beyond the prescribed 30–day period in which to file an amended motion. A docket entry dated January 14, 1991 (the last day for filing a timely amended motion), reads, "Movant's First Amended Motion For Relief Under Rule 24.035 filed. S.C. (Fax Copy)."[1] A January 16, 1991, docket entry states, "Movant's First Amended Motion For Relief Under Rule 24.035 filed. S.C." The copy of the amended motion in the legal file is stamped, "Filed Jan. 16, 1991."

The amended motion incorporated the grounds stated in the pro se motion and added two additional grounds which the movant now characterizes in his brief as "uncognizable claims." As filed on January 16, the amended motion bears the signature of the movant's appointed post-conviction counsel; it contains no verification by the movant as required by Rule 24.035(f).

---

**1.** The movant states in his brief that "the Twenty–Sixth Judicial Circuit does not have a local rule governing facsimile filing of pleadings, so that the purported filing of the 'amended' motion on January 14, 1991, had no effect." The circuit court rules do not appear in the record.

On January 24, 1991, the following affidavit was filed with the motion court.

> Movant, James D. Trehan, being of lawful age and first duly sworn, deposes and states that I have discussed the contents of the foregoing "First Amended Motion for Post Conviction Relief"; that I know the contents contained therein and that I believe it includes every ground known to me at this time for vacating, setting aside, or correcting the conviction and sentence attacked by this motion; that the matters and allegations set forth therein are true and correct to the best of my knowledge as related by me to my attorney.

On February 15, 1991, the following docket entry was made:

> Case called, State by P.A., Petitioner/Movant by Atty. Pope. Court reviews record. Court finds no hearing to be held. Motion Denied on Record. J.F.

## DISCUSSION AND DECISION

 The movant contends this court should remand to the motion court for factual findings on whether his post-conviction counsel's alleged failure to comply with his responsibilities under Rule 24.035(e)[2] and the time limits of Rule 24.035(f) constituted abandonment. In support of his claim of abandonment, he argues that the amended motion was akin to no amended motion at all in that it not only was untimely filed and verified, but also it "merely incorporated the allegations of [the movant's] pro se motion; failed to restate the pro se claims in a lawyerlike fashion, and alleged uncognizable grounds for relief...."

Until *Sanders v. State*, 807 S.W.2d 493 (Mo. banc 1991), and *Luleff v. State*, 807 S.W.2d 495 (Mo. banc 1991), Missouri courts traditionally held that post-conviction proceedings could not, under any circumstances, be used to challenge the effectiveness of post-conviction counsel. *Sanders*, 807 S.W.2d at 494.

In *Luleff,* however, the supreme court held that if the record does not indicate whether appointed counsel made the determinations required by Rule 29.15(e) [and 24.035(e)], the motion court shall inquire, *sua sponte*, into the performances of counsel and the movant. 807 S.W.2d at 498. "A record that does not indicate whether appointed counsel made the determinations required by *Rule 29.15(e)* [and 24.035(e)] creates a presumption that counsel failed to comply with the rule." The movant argues that the record before us creates the *"Luleff* presumption" that counsel did not comply with Rule 24.035(e). We agree.

A cursory examination of the movant's pro se motion reveals its fatal shortcomings. Under paragraph 8, the movant stated three "grounds" for relief, each of which, standing alone, is nothing more than the recital of a conclusion unsupported by fact. The movant left blank paragraph 9 in which he was to state facts that supported his paragraph 8 grounds. It is a fundamental principle of post-conviction relief practice that conclusory allegations do not warrant an evidentiary hearing. *Pippenger v. State*, 794 S.W.2d 717, 719 [1] (Mo. App.1990). Despite the flagrant inadequacy of the movant's pro se motion, his appointed counsel simply incorporated the pro se motion, with its blank paragraph 9, into the amended motion and added two additional grounds for relief which the movant now correctly describes as "uncognizable."

It is possible that appointed counsel, in compliance with Rule 24.035(e), attempted, albeit unsuccessfully, to ascertain facts to support the grounds stated in the pro se motion so that he could file an amended motion that, in the language of the rule, "sufficiently alleges the additional facts...." However, no such attempt at ascertainment appears in the record, including the movant's affidavit. In the affidavit, the movant stated he had discussed the "contents" of the amended motion and affirmed his belief it included every

---

2. Rule 24.035(e) provides, in part: "[Appointed counsel] shall ascertain whether sufficient facts supporting the grounds are asserted in the motion and whether the movant has included all grounds known to him as a basis for attacking the judgment and sentence. If the motion does not assert sufficient facts or include all grounds known to the movant, counsel shall file an amended motion that sufficiently alleges the additional facts and grounds."

"ground" known to him. Where, as here, the facts called for by paragraph 9 are totally absent, we cannot read the affidavit as an admission by the movant that no facts exist to support his alleged grounds for relief.

Because the record does not indicate whether appointed counsel made the determinations required by Rule 24.035(e), we presume he failed to comply with the rule. Because there is nothing in the record to indicate the motion court inquired into the performances of counsel and the movant, we must reverse and remand to enable the motion court to determine whether appointed counsel performed as required by Rule 24.035. If the court finds that counsel did not perform as required, and the lack of performance was not the result of the movant's action or inaction, the court shall appoint new counsel, allowing time, if necessary, to amend the motion as permitted under the rule and the cause shall proceed according to that rule. *See Luleff,* 807 S.W.2d at 498.

We address one matter that might recur following remand. The movant challenges the motion court's failure to make findings of fact and conclusions of law as required by Rule 24.035(i), which states in part, "The court shall issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held, within thirty days of the submission of the case."

In discussing virtually identical language in prior Rule 27.26(i), the Missouri Supreme Court, in *Fields v. State,* 572 S.W.2d 477 (Mo. banc 1978), noted that, in order for an appellate court to make the kind of review contemplated by Rule 27.26(j) (now rules 24.035(j) and 29.15(j)), specific findings of fact and conclusions of law "are contemplated and required." 572 S.W.2d at 483.

We recognize that the requirement that the motion court issue findings of fact and conclusions of law is not without exception. *See, e.g., Guyton v. State,* 752 S.W.2d 390 (Mo.App.1988), in which the eastern district of the court of appeals identified two exceptions: where the issue confronting the motion court is one of law and not of fact and where the record allows the appellate

court to determine the correctness of the motion court's action. *Id.* at 391–92 [1, 2].

■ This district of the court of appeals likewise has held that where findings of fact and conclusions of law are absent, remand is not necessary where the appellate court can, from the record, determine the correctness of the motion court's action. *Luster v. State,* 795 S.W.2d 109 (Mo. App.1990). We note, however, that certain opinions of the western district appear to conflict with the view that findings and conclusions are not required under all circumstances. *See, e.g., Brown v. State,* 810 S.W.2d 716 (Mo.App.W.D.1991); *Charles v. State,* 792 S.W.2d 59 (Mo.App.W.D.1990).

■ Despite the exceptions that exist, we believe the better practice to be for the motion court to adhere to clear language of Rule 24.035(i) (and 29.15(i), where applicable), and issue findings of fact and conclusions of law on all issues presented to enable the appellate court to conduct its review under Rules 24.035(j) and 29.15(j).

The judgment is reversed and the cause remanded.

MAUS and MONTGOMERY, JJ., concur.