**Larry D. MOORE, Movant–Appellant,**

v.

**STATE of Missouri, Respondent– Respondent.**

No. 20630.

Missouri Court of Appeals, Southern District, Division One.

Aug. 15, 1996.

Gary E. Brotherton, Columbia, for Movant–Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Cheryl A. Caponegro, Assistant Attorney General, Jefferson City, for Respondent–Respondent.

BARNEY, Presiding Judge.

Larry D. Moore (Movant) pleaded guilty to one count of forcible rape pursuant to § 566.030, RSMo Cum.Supp.1993. He was sentenced to seven years in the Missouri Department of Corrections, to run consecutively to any other sentence. Movant filed a Rule 24.035 motion which was denied without an evidentiary hearing.

Movant raises two points on appeal. First, he alleges that the motion court erred in not issuing specific findings of fact and conclusions of law as to the allegations raised in Movant's *pro se* motion. Second, Movant contends that the motion court erred in denying his motion without an evidentiary hearing because it alleged facts unrefuted by the record which entitled him to relief, in that plea counsel was ineffective for failing to investigate and call a witness who may have provided Movant with a defense.

## I.

Movant alleges that the motion court erred in failing to issue specific findings of fact and conclusions of law as to each allegation contained in his *pro se* Rule 24.035 motion. The *pro se* motion contained the following allegations:

(A) The Court was without subject matter [jurisdiction] to proceed on offense charged.

(B) Movant's plea was product of mental defect and lack of culpable mental state.

(C) Court committed plain error in failing to give movant an opportunity to withdraw plea which was inconsistent with plea agreement.

An amended motion was then filed which stated it was intended to supplement and not supersede Movant's *pro se* motion. The amended motion addressed allegation "B" but did not include allegations "A" or "C." Findings and conclusions were issued as to each allegation contained in Movant's amended motion.

■ In ruling on a postconviction relief motion, the court is required to make specific findings of fact and conclusions of law on all issues presented regardless of whether or not an evidentiary hearing is held. *Gill v. State,* 712 S.W.2d 732, 733 (Mo.App.1986). A mere recital or statement that the motion, files and record conclusively refute Movant's

claim for relief will not suffice nor will findings and conclusions be supplied by implication from the motion court's ruling. *Id.* Findings and conclusions are sufficient if they permit meaningful review on appeal where such review is limited to a determination of whether the findings, conclusions and judgment are clearly erroneous. *Id.* Sparse findings and conclusions may satisfy the specificity requirement if they allow an appellate court to determine whether they are clearly erroneous. *Poole v. State,* 825 S.W.2d 669, 674 (Mo.App.1992). Where the motion court determines a ground for relief is refuted by the files and records, the motion court should identify the portion of the file or record that does so. *Id.*

■ Part "A" of Movant's *pro se* motion alleged that the motion court was without subject matter jurisdiction to proceed with the case. A recognized exception to the rule that findings and conclusions must be issued as to each allegation in Movant's *pro se* and amended motions is that "findings of fact are not required where the only issue confronting the motion court is one of law." *Barry v. State,* 850 S.W.2d 348, 350 (Mo. banc 1993); *Williams v. State,* 744 S.W.2d 814, 817 (Mo. App.1987). Circuit courts obviously have subject matter jurisdiction to try crimes. Mo. Const. art. V, § 14(a); *State v. Parkhurst,* 845 S.W.2d 31, 35 (Mo. banc 1992). Therefore, no findings and conclusions were required by the motion court as to this issue.

■ The allegations contained in part "B" of Movant's *pro se* motion were also alleged in the amended motion. Point two of the amended motion stated:

Movant's plea of guilty was not entered knowingly, intelligently and voluntarily because he had been under the care of physicians for a serious back injury and had been receiving medications over a period of time which could have affected his ability to reason sufficiently to enter such plea. Trial counsel should have sought a psychological or psychiatric evaluation for movant. Had trial counsel sought such an evaluation there is a reasonable probability

that the result of [Dallas] County Case No. CR494–166FX would have been different.

The motion court's findings as to this point stated:

This allegation is refuted by the record in that this Court inquired of Movant at the time Movant entered his plea of guilty in this cause as to whether Movant was being pressured in any way to enter the plea of guilty. Movant denied any pressure to enter his plea. (TS)(P–10 L–25) Further, Defendant's Exhibit One, which contains Movant's sworn answers to various questions regarding the plea, specifically inquires as to the effect of any medication or drugs on Movant's plea and to which inquiry Movant responded that he was under medication but that it did not effect his judgment. Movant testified that the answers he gave to the questions in Defendant's Exhibit One were honest and truthful. (TS)(P–3 L–22)

The findings and conclusions as to allegation "B" of Movant's *pro se* motion are specific enough to permit meaningful appellate review. We determine there is no motion court error.

The motion court issued no findings and conclusions as to allegation "C" of Movant's amended motion. However, in this instance it is not necessary to remand the case to the motion court for its findings and conclusions. Movant complains that the motion court committed plain error in not allowing him to withdraw his plea as it was inconsistent with the plea agreement. In essence, Movant's claim appears to be that his plea was not entered knowingly and voluntarily.

■ As previously stated, there are exceptions to the general rule that findings and conclusions are required on each and every allegation of a Movant's *pro se* and amended motions. "When the court finds a post-conviction movant's guilty plea voluntary, it is unnecessary to remand for specific findings of fact addressing the movant's individual claims of ineffective assistance of counsel if the record clearly supports the court's find-

ing." *Alford v. State*, 895 S.W.2d 143, 146 (Mo.App.1995). "No error results from a trial court's failure to make findings and conclusions on claims unsupported by substantive evidence or claims not cognizable in a post-conviction proceeding." *State v. Viviano*, 882 S.W.2d 748, 754 (Mo.App.1994); *Williams*, 744 S.W.2d at 817. We do not need to remand for further findings and conclusions if the record allows this Court to determine the correctness of the motion court's denial of relief. *Viviano*, 882 S.W.2d at 754.

■ We have reviewed Movant's motion and the transcript of the guilty plea hearing and it is apparent from the record that Movant's contention is without merit. The record refutes any contention that Movant's plea was anything other than knowing and voluntary.

Q. [By the Court] Was there anything that [your attorney] did that was contrary to your wishes? Did he do anything that you didn't want him to do?

A. I thought it was all concurrent. Otherwise he—he did okay. I was hoping to get it all concurrent into seven years.

Q. Well, that's not really something that he has the say-so over.

A. Yes.

Q. That's up to the Court to determine.

. . . .

Q. The sentence imposed on you was the result of a plea bargain. Was it the sentence that you expected under the plea bargain?

A. I expected just straight seven, but didn't—you explained the rest of it to me.

Q. Okay. I have—My understanding of the plea bargain was a seven year sentence on this charge, which is what I gave you. It's also my understanding that it's not up to them to determine whether that runs concurrent or consecutive. I have decided to make it consecutive and that does stand now.

If that was not your understanding, I will give you the opportunity now to withdraw your plea of guilty and go to trial on the charge if you prefer.

A. No. I can't go any further.

Q. You wish to proceed today?

A. Yes, I have to.

Q. Okay. Well, then, when you say you have to, you leave me with the impression that maybe somebody is forcing you to.

A. No. Just—Just tired of losing.

Q. Okay. . . .

As the record clearly shows, the motion court gave Movant the opportunity to withdraw his guilty plea and proceed to trial after the court explained that Movant's sentence would run consecutively. Movant declined to withdraw his plea. This clearly refutes his claim that the motion court did not allow him to withdraw his plea as it was inconsistent with the plea agreement. "There is no need to remand for further findings and conclusions if those that appear in the record are sufficient for this court to make a determination as to the correctness of the trial court's action." *Phelps v. State*, 683 S.W.2d 665, 668 (Mo.App.1985). Point one is denied.

II

In his second point, Movant claims the motion court erred in denying his request for an evidentiary hearing because plea counsel was ineffective for failing to investigate and call a witness that may have provided Movant with a defense.

■ To prevail on a claim of ineffective assistance of counsel, Movant must show that counsel failed to provide reasonably effective assistance and that Movant was thereby prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Absent a showing to the contrary, counsel is presumed to have provided effective assistance. *Wilhite v. State*, 845 S.W.2d 592, 594–95 (Mo.App.1992). To satisfy the prejudice requirement following a guilty plea, Movant must show that, but for

counsel's errors, he would not have pleaded guilty but would have insisted on going to trial. *Hagan v. State*, 836 S.W.2d 459, 464 (Mo. banc 1992) "[O]nce a guilty plea is entered, the adequacy of representation becomes immaterial except to the extent that the ineffectiveness of counsel bears on the issue of the voluntary nature and understanding of the plea." *State v. Rahberger*, 747 S.W.2d 724, 725 (Mo.App.1988); *see also Hagan*, 836 S.W.2d at 463.

■ To be entitled to an evidentiary hearing on a motion for postconviction relief, the Movant must: 1) allege facts, not conclusions, which, if true, would warrant relief; 2) these facts must raise matters not refuted by the record and files in the case; and 3) the matters complained of must have resulted in prejudice to the movant. *State v. Starks*, 856 S.W.2d 334, 336 (Mo. banc 1993); *Jones v. State*, 829 S.W.2d 47, 48 (Mo.App.1992). Movant's amended motion stated:

> Trial counsel failed to investigate, depose and interview witness James R. Spradling. This witness could have testified, if truthful, that he was suppose [sic] to have been present at the time the incident was supposed to have occurred. Movant was prejudiced because if this witness would have tetified [sic] that the incident never happened, it would have provided a viable defense for movant. Since this witness is the victim's brother, there is the distinct possibility that this testimony is no longer available to movant. Had trial counsel sought this testimony early on there is a reasonable probability that the result of [Dallas] County Case No. CR494–166FX would have been different.

The motion court's Conclusions of Law stated the following as to this assertion in Movant's amended motion:

> Did failure to investigate, depose and interview James R. Spradling constitute ineffective assistance of counsel? No. Movant has failed to allege what the testimony of James Spradling would be and how it would be material to this cause. Further, the allegation that counsel failed

> to investigate, depose and interview Spradling is refuted by the record. The Court finds as a matter of law that the motion, amended motion, file and record of this case conclusively show that Movant is not entitled to relief. . . .

The motion court specifically found Movant's contention to be refuted by the record, thereby failing in the second requirement necessary to be entitled to an evidentiary hearing. Furthermore, our review of the record reveals that Movant expressed complete satisfaction with his attorney and that his plea was knowing and voluntary. The following exchange took place when the motion court examined Movant as to the assistance of counsel he received:

> Q. Are there any witnesses to the case that you failed to tell [your attorney] about or that he didn't interview?
>
> A. No, sir.
>
> . . . .
>
> Q. Okay. Are you satisfied with the services rendered to you by Mr. Forkner as your attorney?
>
> A. Yes, sir.

Movant asserts in his brief that this exchange does not conclusively refute his allegation. He posits that this inquiry does not conclusively show that the witness was known to Movant at the time counsel assisted Movant in researching and investigating his case. However, Movant's own amended motion refutes this possibility. He stated that the witness was supposed "to have been present at the time the incident was supposed to have occurred." It strains credulity to imagine how a witness supposedly present at the time of the incident could be unknown to Movant at the time the guilty plea was entered. Even if this were in fact the situation, then Movant had the burden to plead this in his amended motion. The facts that Movant has alleged in his motion are clearly refuted by the record. Point two is denied.

The motion court's Findings of Fact and Conclusions of Law were sufficiently specific

to permit meaningful appellate review and the judgment of the motion court denying Movant an evidentiary hearing is affirmed.

GARRISON and PREWITT, JJ., concur.