**John J. MYERS, Defendant–Appellant,**

v.

**STATE of Missouri, Plaintiff–Respondent.**

No. 21164.

Missouri Court of Appeals,
Southern District,
Division One.

April 10, 1997.

Irene Karns, Asst. Public Defender, Columbia, for defendant-appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Lisa A. Fischer, Assistant Attorney General, Jefferson City, for plaintiff-respondent.

PREWITT, Judge.

Appellant entered pleas of guilty to one charge of statutory rape, three charges of statutory sodomy, and two charges of incest. In accordance with a plea-bargain agreement, he was sentenced to terms of seven years on the first three charges, to be served consecutively. On the fourth count, he was sentenced to seven years, to be served concurrent to Count I. On Counts V and VI, he

received four-year sentences, to be served concurrent with each other but to be consecutive to Counts I, II, and III. Thereafter Defendant filed a motion under Rule 24.035, seeking to vacate the convictions and sentences. On July 3, 1996, the trial court denied that motion without an evidentiary hearing.

On appeal, Appellant contends that the court erred in denying his motion, as he received ineffective assistance of counsel previous to his pleas because his trial counsel "did not seek a writ of prohibition in this court after the trial court denied his motion to disqualify the Pettis County Prosecutor's Office. The Assistant Prosecutor handling this case had previously represented John Myers on a sexual assault charge and had access to confidential information." Appellant contends that his plea was involuntary because it was coerced by fear of the State's use of confidential information should he go to trial.

Appellant filed his Rule 24.035 motion *pro se,* and on May 1, 1996, an amended motion was filed by his appointed counsel. Rule 24.035(g) provides in part that an "amended motion shall not incorporate by reference material contained in any previously filed motion." Contrary to that provision, the amended motion sought to incorporate Appellant's *pro se* motion. Consequently, we are not to consider the initial motion, but a gratuitous examination of it shows no information there which would change this result.

■ To be entitled to an evidentiary hearing, Appellant had to 1) allege facts, not conclusions, warranting relief if true; 2) the facts alleged must raise matters not refuted by the record and files in the case including the criminal matter; and 3) show prejudice to Appellant. *Moore v. State,* 927 S.W.2d 939, 944 (Mo.App.1996).

■ The motion here fails to allege what, if any, confidential matters the Assistant Prosecutor may have had or known, that could have prejudiced Appellant had he gone to trial. Because the motion contained conclusions that such existed without specifically referring to facts that may have been known and showing how Appellant was prejudiced, the trial court was justified in denying the motion without an evidentiary hearing. Absent this specific showing, no error could have been demonstrated in the trial court's denying Appellant's motion to disqualify the Assistant Prosecutor and no probability of success was indicated in seeking a writ of prohibition.

The judgment is affirmed.

BARNEY, P.J., and GARRISON, J., concur.