**Mark DEPROW, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 21645.**

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 20, 1998.

David Simpson, Asst. Public Defender, Columbia, for Movant-Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Seth A. Albin, Asst. Atty. Gen., for Respondent.

PARRISH, Presiding Judge.

Mark Deprow (movant) appeals the denial of a post-conviction motion he filed as permitted by Rule 29.15 following his conviction for assault in the first degree. *See State v. Deprow,* 937 S.W.2d 748 (Mo.App.1997). He complains that the motion court failed to make findings on all issues raised in his post-conviction motion. This court reverses the judgment denying movant's Rule 29.15 motion. The case is remanded with directions.

This case was previously reversed and remanded for the motion court to issue findings of fact and conclusions of law on all issues presented by movant's Rule 29.15 motion. Following remand the motion court entered findings and conclusions with respect to issues raised for the first time in movant's amended Rule 29.15 motion, but failed to address issues raised in the *pro se* motion that were incorporated in the amended motion by reference. The motion court stated in its findings of fact and conclusions of law:

> Rule 29.15(*l*) provides that he [sic] hearing shall be confined to the claims in the last timely filed motion, and subparagraph (g) prohibits incorporating by reference material contained in any previously filed

motion. Therefore, only the amended motion will be considered.

Movant's sole point on appeal is directed to the motion court's failure to address the issues raised in the *pro se* motion. He asserts the motion court erred in denying his Rule 29.15 motion without addressing those issues "because the version of Rule 29.15 that applies to this case requires the court to make findings of fact and conclusions of law on all issues presented, including those in the pro se motion."

As pointed out in the opinion in the previous appeal of this case:

> As [movant] was sentenced on February 14, 1995, and his postconviction motion was filed on June 7, 1995, Rule 29.15, then in effect, governs. Rule 29.15(m). The rule was amended effective January 1, 1996.

*Deprow,* 937 S.W.2d at 749 n. 1.

The version of Rule 29.15 in effect on June 7, 1995, did not prohibit the incorporation by reference of material contained in a previous motion. That prohibition was added to the current version of Rule 29.15 as of January 1, 1996. The prohibition against incorporating allegations from prior motions by reference now appears in the second sentence of paragraph (g) of the rule. Under the rule applicable in this case, the motion court's failure to address issues presented in the *pro se* motion was error. *State v. Fanning,* 939 S.W.2d 941, 950 (Mo.App.1997).

The state, quoting from *State v. Jennings,* 815 S.W.2d 434, 449–50 (Mo.App.1991), invites this court to, nevertheless, rule on the issues presented by the *pro se* motion suggesting that, under the existing circumstances, "a remand for additional findings would be a 'useless act which is not required by the law.'" We decline.

Appellate review is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 29.15(j) (now 29.15(k)). A motion court is afforded an opportunity to assess the credibility of witnesses and, upon weighing that testimony with any other applicable evidence, determine the issues presented. This opportunity carries with it the responsibility for making findings of fact and formulating conclusions of law that may be subjected to appellate review. That has not occurred in this case.

The judgment denying movant's Rule 29.15 motion is reversed. The case is remanded with directions that the motion court make such additional findings of fact and conclusions of law as are required to determine any issue originally set forth in movant's *pro se* motion not heretofore addressed. The motion court shall then render such judgment as is required.

SHRUM and BARNEY, JJ., concur.