**Lisa LEACH, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. ED 76897.

Missouri Court of Appeals,
Eastern District,
Division Five.

March 21, 2000.

Susan Kister, Clayton, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Karen L. Karmer, Asst. Atty. Gen., Jefferson City, for respondents.

ROBERT E. CRIST, Senior Judge.

Lisa Leach (Movant) appeals the judgment denying her Rule 24.035 motion after an evidentiary hearing. We affirm.

Movant pleaded guilty to second degree assault, section 565.060, RSMo 1994, armed criminal action, section 571.015, RSMo 1994, and first degree burglary, section 569.160, RSMo 1994. Pursuant to a plea bargain, the State recommended concurrent terms of seven years for second degree assault, 20 years for armed criminal action, and 15 years for first degree burglary. After questioning Movant, the court accepted her guilty plea and sentenced her according to the plea agreement.

Following her delivery to the Department of Corrections, Movant filed a timely *pro se* motion for post-conviction relief under Rule 24.035. In her *pro se* motion, Movant alleged that her plea counsel was ineffective for erroneously advising her that she would only serve eight years of her total 20–year sentence before eligibility for parole. Movant contended she was required to serve 13 years before she would be eligible for parole. The motion court appointed counsel to represent Movant. Appointed counsel filed an amended 24.035 motion. In that motion, counsel alleged Movant's plea counsel was ineffec-

tive for erroneously advising her that she would receive more than 14 months of credit for time served if she accepted the State's plea bargain. Counsel included no other claims in the amended motion. The motion court granted Movant a hearing on the claim raised in her amended motion. Afterward, the motion court denied her motion. Movant now appeals.

■■■ Our review is limited to determining if the motion court's findings and conclusions are clearly erroneous. Rule 24.035(k). The findings and conclusions are clearly erroneous if, after reviewing the entire record, we are left with the definite and firm impression that a mistake has been made. *Cope v. State,* 989 S.W.2d 265, 266 (Mo.App. E.D.1999).

In Point I, Movant contends the motion court clearly erred in denying her claim of ineffective assistance of counsel because her plea counsel promised her she would receive more than 14 months of jail time credit, for which she is not eligible because she was serving time on a separate sentence.

■■■ The motion court found counsel never made this representation. Movant in her appeal points to her testimony that counsel did tell her that she would receive 433 days of jail time credit. However, her plea counsel specifically testified that he made no such representation and never made any indication to her what the calculations would be to determine credit for time served. He testified that he made no promises to her at all about credit for time served. The motion court chose to believe counsel's testimony and we find no clear error in this determination. The credibility of a witness is for the motion court's determination and it may reject the testimony of the movant or any other witness. *Witcher v. State,* 789 S.W.2d 123, 124 (Mo. App. E.D.1990). Point denied.

In Point II, Movant contends the motion court clearly erred in failing to issue findings of fact and conclusions of law on her *pro se* claim that counsel was ineffective

for erroneously promising her that she would only serve eight years before she received parole.

■■■ As noted above and conceded by Movant, this point was not included in her amended motion. Movant contends, however, that the motion court should have addressed her *pro se* motion. The State responds that the amended motion supersedes the *pro se* motion and the motion court need only address those issues raised by the amended motion. We agree.

Movant relies upon *Deprow v. State,* 962 S.W.2d 920 (Mo.App. S.D.1998) to support her contention that the motion court should have considered her *pro se* allegation. However, in *Deprow,* the appellate court remanded for findings of fact and conclusions of law on *pro se* allegations that were incorporated by reference in the amended motion. *Id.* at 921. The court noted that the 1996 amendment to Rule 29.15 prohibiting incorporation by reference was inapplicable to Deprow's motion. *Id.*

■■■ Prior to the 1996 amendment to Rule 24.035, it was customary for the amended motion to incorporate by reference the *pro se* allegations from the initial motion. However, the 1996 amendments prohibited that practice by adding the proviso to subsection (g) that: "The amended motion shall not incorporate by reference material contained in any previously filed motion." With the 1996 amendment to Rule 24.035, the Court intended that the amended motion would include all the claims to be presented to the motion court. The Court expressly prohibited the incorporation by reference of *pro se* claims. There would be no need to prohibit incorporation by reference if the *pro se* claims had to be considered by the motion court anyway.

Further, in addressing the prohibition of incorporation by reference, the Supreme Court of Missouri stated that it has "the obvious purpose to ensure that the motion court will not have to search for documents

that are not immediately at hand." *Reynolds v. State,* 994 S.W.2d 944, 945 (Mo. banc 1999). In that case, the Court found that by physically attaching photocopies of the *pro se* allegations, defense counsel had included the allegations in the amended motion. *Id.* Even so, they stated "the better practice is for counsel to include the claims from movant's earlier *pro se* motions within the body and text of counsel's amended motion...." *Id.* at 946. Again, there would be no necessity to physically attach the *pro se* allegations or include them within the amended motion if the motion court had to address them anyway. *See also, Myers v. State,* 941 S.W.2d 889, 890 (Mo.App. S.D.1997) (court did not consider *pro se* allegations incorporated by reference in violation of Rule 24.035(g)).

Therefore, the *pro se* allegation was not properly before the motion court and there was no need to address it. We deny Movant's point.

The judgment is affirmed.

MARY RHODES RUSSELL, C.J., and LAWRENCE G. CRAHAN, concur.