Mary L. **PICKARD**, Movant–Appellant,

v.

**STATE of Missouri, Respondent–Respondent.**

No. 24624.

Missouri Court of Appeals, Southern District, Division Two.

Aug. 21, 2002.

Craig A. Johnston, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Adriane Dixon Crouse, Asst. Atty. Gen., Jefferson City, for respondent.

NANCY STEFFEN RAHMEYER, Chief Judge.

Mary Pickard ("Movant") pled guilty to first-degree murder in exchange for the state's agreement not to seek the death penalty and to dismiss an armed criminal action count. Movant filed a motion under Rule 24.035,[1] claiming that her trial counsel was ineffective during the plea process and that as a result her constitutional rights were violated. After an evidentiary hearing, the motion court denied Movant's request for relief. This appeal follows.

Movant's specific claim of error is that the motion court failed to enter sufficient findings of fact and conclusions of law in denying Movant's Rule 24.035 motion in that the court's findings and conclusions do not allow for meaningful appellate review. Movant does not raise as an issue on appeal any allegation that the motion court's denial of the motion was erroneous on the merits. Thus, our review is confined to whether the motion court's findings of fact and conclusions of law were sufficient.

A post-conviction motion court is required to make specific findings of fact and conclusions of law on all issues presented. *Moore v. State*, 927 S.W.2d 939, 941 (Mo.App. S.D.1996); Rule 24.035(j). No precise formula to which findings and conclusions must conform exists. *State v. Taylor*, 929 S.W.2d 209, 223 (Mo. banc 1996). Findings and conclusions are sufficient if they permit an appellate court to meaningfully review whether those find-

---

1. All rule references are to Supreme Court Rules (2002), unless otherwise stated.

ings and conclusions are clearly erroneous based on the movant's contentions. *Moore,* 927 S.W.2d at 942; *Taylor,* 929 S.W.2d at 224.

■ Movant claimed to the trial court: "Trial counsel did not assure that Movant had a full understanding of the sentencing structure under a charge of murder in the first degree before recommending Movant enter her plea of guilty." Movant contends counsel was ineffective for encouraging her to enter a plea of guilty and receive a sentence of life in prison without the possibility of parole or probation despite knowing that Movant would agree to the plea only if she received a parolable sentence. Movant testified that she never asked her attorneys what life without parole meant because she "thought that if you went in and you stayed out of trouble, ... and you served your time, like thirty years, that you came up for parole—not parole, because they said without parole or probation, you know, that you would just be released without it being on paper, is the way I took it." She stated during her plea hearing that she understood the plea agreement, and that nothing had been promised to her to make her plead guilty. Her attorneys at the plea hearing testified regarding the Rule 24.035 motion that they explained to Movant what life without parole meant and the possibility of clemency by the governor, but that clemency was rare. Her attorneys specifically testified that they believed Movant understood what her attorneys told her about the meaning of life without parole.

In denying the motion, the motion court made the following findings and conclusions:

> Movant specifically alleges that counsel did not assure that she had a full understanding of the sentencing structure under a charge of murder in the first degree before recommending that she enter her plea of guilty.

> . . . .

> As found by the sentencing court, movant pleaded guilty freely, voluntarily, and with a full understanding of her rights and the consequences of the guilty plea, including the sentence. The guilty plea was not a result of force, or threats, or promises apart from the plea agreement. She was fully advised by her experienced attorneys, and she pleaded guilty to avoid the death penalty. The attorneys did not mislead her as to the sentence, or as to any hope for future clemency or release. Movant did not prove that she had received ineffective assistance of counsel, and she is not entitled to relief on her claims. . . .

These findings sufficiently address Movant's claim. The motion court makes it evident that it believed Movant did have a full understanding of the guilty plea, including the sentencing structure. Movant contends, "The critical inquiry is not whether her attorneys misled her; rather, did they make sure that she understood what life without probation or parole meant." The motion court found that Movant had a full understanding of the consequences of the guilty plea, and that she was fully advised by her attorneys. These findings address the allegation in Movant's motion sufficiently so as to allow meaningful appellate review. Thus, her point is without merit.

The motion court's findings were sufficient so as to allow meaningful review. As this resolves the only contention of error in Movant's appeal, the motion court's judgment is affirmed.

PREWITT, P.J., and SHRUM, J., concur.