Michael BLACKMON, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 60662.

Missouri Court of Appeals, Western District.

April 15, 2003.

---

Vanessa Caleb, Assistant Public Defender, Kansas City, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Adriane D. Crouse, Assistant Attorney General, Jefferson City, MO, for Respondent.

Before: ULRICH, P.J., LOWENSTEIN and HOLLIGER, JJ.

HAROLD L. LOWENSTEIN, Judge.

Michael Blackmon seeks vacation of his conviction and sentence for the class D felony of violation of the terms of an order of protection. Section 453.085, RSMo 2000. He was sentenced to ten years as a persistent offender. Summarized, the facts from the direct appeal show a pattern of physical abuse by Blackmon of his wife, her attempts to avoid him, and despite going to prison for a violation of an order of protection, he approached his ex-wife at her work and threatened her. This prosecution followed. Blackmon appeals the denial, without evidentiary hearing of his Rule 29.15 motion for post-conviction relief, arguing, in his sole point on appeal, that the trial court violated his due process rights, denied meaningful review, and did not comply with Rule 29.15(j) by failing to make express findings of fact and conclusions of law.

In his amended motion appellant alleged that trial counsel was ineffective for allegedly: (1) failing to object to the verdict director on the basis that it did not follow MAI CR3d 332.52; (2) stipulating that the victim had obtained an order of protection on January 28, 1998, that appellant had been served with the order on April 4, 1998; (3) failing to object or request a mistrial to the prosecutor's comment during *voir dire* to appellant's right not to testify; (4) failing to depose the victim; (5) failing to present evidence that appellant

had been arrested and detained on October 14, 1998, from 12:15 a.m. to 2:00 a.m. as an alibi; (6) failing to obtain a second mental evaluation; and (7) that appellate counsel was ineffective for a failing to raise as plain error on appeal the matter in (1) above, that the verdict instruction did not conform with the MAI.

The trial court held:

The Court has reviewed the movant's motion for post-conviction relief filed pursuant to provisions of Rule 29.15 as well as the amended motion. The Court finds that the judgment entered in this cause was rendered by a court of competent jurisdiction, that the sentence imposed was not illegal, and that there was not a denial or infringement of the rights given movant by the Constitution of Missouri or the Constitution of the United States as to render the judgment subject to collateral attack.

The Court finds an determines that the files and records before the Court related to the underlying criminal prosecution, *State v. Michale D. Blackmon,* **Jackson County Case No. CR98–05892** conclusively show that the movant is entitled to no relief and consequently, a hearing shall not be held. Rule 29.15(h).

The Court having issued findings of fact and conclusions of law as required by Rule 29.15(j) hereby orders and adjudges no relief to the movant. Further, the motion for post-conviction relief is hereby denied.

 Rule 29.15(j) states: "The [motion] court shall issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held." Review, under Rule 29.15(k) is limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous. *Charles v. State,* 792 S.W.2d 59, 60 (Mo.App.1990). As this court said in *Charles,* the record here is devoid of findings and conclusions as required by the rule. A mere recital or statement that the files and record conclusively refute a claim for relief under the rule will not suffice, nor will they be supplied by implication. *Moore v. State,* 927 S.W.2d 939, 941–42 (Mo.App.1996). Sparse findings and conclusions by the trial court, in some cases, may satisfy the requirements of the rule, if they allow an appellate court to determine if clearly erroneous. *Poole v. State,* 825 S.W.2d 669, 674 (Mo.App.1992).

The trial court's rulings here do not reach the degree of specificity to allow meaningful review of the assertions in the motion. A reading of the record does not reveal, for instance, why the prosecution's primary witness, the victim, was not deposed prior to trial. In *Pickard v. State,* 82 S.W.3d 230, 232 (Mo.App.2002), against an allegation in Rule 24.035 motion that the movant did not fully understand the sentencing structure, the motion court made these findings and conclusions:

As found by the sentencing court, movant pleaded guilty freely, voluntarily, and with a full understanding of her rights and the consequences of the guilty plea, including the sentence. The guilty plea was not a result of force, or threats, or promises apart from the plea agreement. She was fully advised by her experienced attorneys, and she pleaded guilty to avoid the death penalty. The attorneys did not mislead her as to the sentence, or as to any hope for future clemency or release. Movant did not prove that she had received ineffective assistance of counsel, and she is not entitled to relief on her claims.

The Southern District held, those "findings addressed the allegation in Movant's motion sufficiently so as to allow meaningful appellate review." In the case at bar, the findings and conclusions are not sufficient. See also extent of findings and

conclusions in *State v. Taylor*, 929 S.W.2d 209, 224 (Mo.banc 1996). The findings and conclusions here are not sufficient to allow meaningful review.

The case is remanded for the purpose of making findings and conclusions.

All concur.