Joseph R. SHAW, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 62734.

Missouri Court of Appeals,
Western District.

Feb. 3, 2004.

Ruth Sanders, Kansas City, MO, for appellant.

Breck Burgess, Assistant Attorney General, Jefferson City, MO, for respondent.

Before JOSEPH M. ELLIS, Chief Judge, ROBERT G. ULRICH, Judge and THOMAS H. NEWTON, Judge.

JOSEPH M. ELLIS, Chief Judge.

Joseph Shaw appeals from the denial of his Rule 24.035 motion for post-conviction relief without an evidentiary hearing.

On July 28, 2000, Appellant was charged by indictment with one count of felony tampering in the first degree, § 569.080.1(2).[1] On January 29, 2001, pursuant to a plea agreement with the State, Appellant appeared and entered a plea of guilty to a reduced charge of attempted tampering in the first degree. Under the terms of the plea agreement, the State agreed to reduce the charge to attempted tampering and agreed not to oppose Appellant's request that his sentence be served concurrently with a sentence he was already serving for another tampering conviction.

At the sentencing hearing on March 14, 2001, Appellant's attorney asked the court to consider allowing Appellant to be placed in the long-term drug treatment program in accordance with the recommendation of the office of probation and parole contained in his pre-sentence investigation report. In order for Appellant to be eligible for the program, Appellant's counsel requested that the Court sentence him to the maximum sentence of five years in the Missouri Department of Corrections. The plea court then sentenced Appellant to a term of five years imprisonment to be served consecutively with any other sentences he was currently serving and ordered him placed in the long term substance abuse treatment program pursuant to § 217.362.

On April 20, 2001, Appellant filed a *pro se* motion for post-conviction relief under Rule 24.035. An amended motion was filed by appointed counsel on August 20, 2001. In the amended motion, Appellant claimed that plea counsel was ineffective for (1) failing to timely file a motion to withdraw his plea and dissuading Appellant from filing such a motion and (2) failing to provide Appellant with transcripts of the depositions taken of the witnesses in the case after Appellant had requested copies of those transcripts. Appellant also claimed that the plea court violated his right to due process by sentencing him to long-term drug treatment pursuant to § 217.362 without having first

1. All statutory references are to RSMo 2000 unless otherwise noted.

contacted the Department of Corrections to determine whether he was eligible for the program as provided for in § 217.362.2.

On March 12, 2003, the motion court denied Appellant's motion without an evidentiary hearing. The motion court found that the record clearly and unequivocally refuted all of the allegations contained in Appellant's motion. The court further found that Appellant "was not misled or induced to plead guilty by fraud, mistake, misapprehension, fear, coercion, or promises" and that Appellant had pled guilty knowingly, intelligently and voluntarily.

In his sole point on appeal, Appellant claims that the motion court's findings did not sufficiently address his claim that counsel was ineffective for failing to provide him with copies of the deposition transcripts and his claim that the plea court violated his right to due process by sentencing him to long-term drug treatment pursuant to § 217.362.[2] Appellant contends that the findings contained in the judgment were not sufficient to allow for meaningful appellate review of those two claims and thereby denied him due process of law.

■■■ Because Appellant has not raised on appeal any claim that the motion court's denial of the motion was erroneous on the merits, "our review is confined to whether the motion court's findings of fact and conclusions of law were sufficient." *Pickard v. State*, 82 S.W.3d 230, 231 (Mo.App. S.D.2002). Rule 24.035(j) provides that "[t]he court shall issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held." " 'There is no precise formula to which findings of fact and conclusions of law

must conform.' " *State v. Taylor*, 929 S.W.2d 209, 223 (Mo. banc 1996) (quoting *Conway v. State*, 883 S.W.2d 517, 517 (Mo. App. E.D.1994)). "The motion court's findings and conclusions need only be sufficient to adequately allow the appellate court to review the movant's contentions and determine whether the findings and conclusions were clearly erroneous." *Holloway v. State*, 989 S.W.2d 216, 223 (Mo. App. W.D.1999), *overruled on other grounds by State v. Withrow*, 8 S.W.3d 75 (Mo. banc 1999).

■■■ "Failure of the motion court's finding of fact and conclusions of law to specifically refer to the allegations which are refuted by the record does not necessarily result in error." *Id.* " 'Generalized findings are sufficient if they enable the appellate court to meaningfully review the movant's contentions.' " *Taylor*, 929 S.W.2d at 224 (quoting *Conway*, 883 S.W.2d at 517). "Meaningful appellate review is premised upon sufficiently specific findings of fact and conclusions of law that are responsive to movant's claims." *Ezell v. State*, 9 S.W.3d 616, 619 (Mo.App. E.D. 1999).

■■■ We first consider Appellant's contention that the trial court's findings and conclusions failed to sufficiently address his claim that counsel was ineffective for failing to provide him with transcripts of the depositions taken in the case prior to the plea hearing. In his motion, Appellant asserted that he had repeatedly asked counsel to provide him with copies of those transcripts, but that he did not receive copies of the transcripts until March 7, 2001, after he had already entered his plea.

This claim was more than sufficiently addressed by the motion court's findings of

---

**2.** Appellant does not challenge the sufficiency of the motion court's findings related to his claim that counsel was ineffective for failing to file a motion to withdraw and for dissuading Appellant from filing such a motion.

fact and conclusions of law. Prior to finding that Appellant's claim was clearly refuted by the record, the motion court noted that Appellant had testified at the plea hearing that he had no complaints regarding the assistance provided to him by counsel and that counsel had done everything that he had asked him to and had not done anything that Appellant had told him not to do. The court further noted that Appellant testified that he thought his attorney had been effective and competent in his representation of Appellant. The testimony referenced by the motion court refuted Appellant's claim that plea counsel had failed to provide him with requested copies of deposition transcripts. The plea court's findings were clearly sufficient to allow for meaningful appellate review.

■ We next turn to Appellant's remaining post-conviction claim. In his post-conviction motion, Appellant argued that

the plea court had violated his right to due process in "sentencing" him to long-term treatment without properly complying with the provisions of § 217.362. Section 217.362.2 provides:

> Prior to sentencing, any judge considering an offender for this [drug treatment] program shall notify the department [of corrections]. The potential candidate for the program shall be screened by the department to determine eligibility. The department shall, by regulation, establish eligibility criteria and inform the court of such criteria. The department shall notify the court as to the offender's eligibility and availability of space in the program. . . . If the court is advised that an offender is not eligible or that there is no space available, the court shall consider other authorized dispositions.[3]

Appellant argued that the plea court had failed to comply with the provisions of the

3. The full text of the statute provides:

1. The department of corrections shall design and implement an intensive long-term program for the treatment of chronic non-violent offenders with serious substance abuse addictions who have not pleaded guilty to or been convicted of a dangerous felony as defined in section 556.061, RSMo.
2. Prior to sentencing, any judge considering an offender for this program shall notify the department. The potential candidate for the program shall be screened by the department to determine eligibility. The department shall, by regulation, establish eligibility criteria and inform the court of such criteria. The department shall notify the court as to the offender's eligibility and the availability of space in the program. Notwithstanding any other provision of law to the contrary, except as provided for in section 558.019, RSMo, if an offender is eligible and there is adequate space, the court may sentence a person to the program which shall consist of institutional drug treatment for a period of twenty-four months, as well as a term of incarceration. Execution of the offender's term of incarceration shall be suspended pending completion of said program. Allocation of space in the program may be distributed by the department in proportion to drug arrest patterns in the state. If the court is advised that an offender is not eligible or that there is no space available, the court shall consider other authorized dispositions.
3. Notwithstanding any other provision of the law to the contrary, upon successful completion of the program, the board of probation and parole may advise the sentencing court of the eligibility of the individual for probation. The original sentencing court shall hold a hearing to make a determination as to the fitness of the offender to be placed on probation. The court shall follow the recommendation of the board unless the court makes a determination that such a placement would be an abuse of discretion. If an offender successfully completes the program before the end of the twenty-four-month period, the department may petition the court and request that probation be granted immediately.
4. If it is determined by the department that the offender has not successfully completed the program, or that the offender is not cooperatively participating in the program, the offender shall be removed from the program and the court shall be advised.

statute requiring the court to notify the department of corrections of its intent to sentence an offender to long-term treatment prior to. sentencing. Appellant averred that he was later deemed by the department of corrections not to be eligible for long-term treatment and that the court's failure to ascertain his eligibility prior to sentencing improperly precluded the trial court from considering other options for his sentencing.

The motion court's findings of fact and conclusions of law do not address this final claim. While the motion court recognized that Appellant had made three claims in his post-conviction motion, the court simply described his third claim as asserting that Appellant "was denied due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Missouri Constitution." And, while the motion court ultimately concluded that "[t]he record clearly and unequivocally refutes all allegations in the Rule 24.035 Amended Motion to Vacate, Set Aside or Correct Judgment and Sentence," the motion court failed to discuss the provisions of § 217.362 or make any factual findings or conclusions of law relevant to this claim.

■ As noted *supra,* "[m]eaningful appellate review is premised upon sufficiently specific findings of fact and conclusions of law that are responsive to movant's claims." *Ezell,* 9 S.W.3d at 619. "Where the motion court determines a ground for relief is refuted by the files and records, the motion court should identify the portion of the file or record that does so."

*Moore v. State,* 927 S.W.2d 939, 942 (Mo. App. S.D.1996). "A mere recital or statement that the motion, files and record conclusively refute [the movant's] claim for relief will not suffice nor will findings and conclusions be supplied by implication from the motion court's ruling." *Id.* at 941–42.

■ The motion court's findings did not sufficiently address Appellant's claim that the sentencing court failed to comply with § 217.362 in sentencing Appellant. None of the findings of fact set forth by the court related to that claim, and the motion court did not make any conclusions of law related to § 217.362. " 'Were this court to furnish the necessary findings and conclusions, review would be impliedly *de novo* and impermissible in face of the unequivocal mandate of the rule.' " *Crews v. State,* 7 S.W.3d 563, 569 (Mo.App. E.D.1999) (quoting *Burton v. State,* 895 S.W.2d 648, 649 (Mo.App. W.D.1995)).

We therefore reverse the motion court's denial of Appellant's post-conviction motion and remand for a hearing on Appellant's final claim, if necessary, and for entry of specific findings and conclusions on that claim.[4]

All concur.

Failure of an offender to complete the program shall cause the offender to serve the sentence prescribed by the court and void the right to be considered for probation on this sentence.
§ 217.362.

4. The State argues that Appellant's claim should be denied because it does not relate to

any of the terms of the plea agreement and, therefore, could not have affected the voluntary and intelligent nature of his plea. Certainly, this issue could not have affected the voluntariness of his guilty plea. Indeed, Appellant acknowledged in his post-conviction motion and on appeal that consideration for

the drug treatment program was not part of his plea agreement with the State.

Under Rule 24.035(a), however, a movant may seek relief from the sentencing court on a claim that the sentence imposed violates the laws of the state. *See also State v. Sharp*, 39 S.W.3d 70, 72 (Mo.App. E.D.2001) ("Rule 24.035 allows persons who pleaded guilty to a felony charge to challenge the legality of their

sentences in the sentencing court."). Such a claim does not need to have affected the voluntariness of the original plea in order to be meritorious. If the motion court finds that a sentence has been illegally imposed, Rule 24.035(j) allows the court to re-sentence the movant or to otherwise correct the sentence as appropriate.