

# Missouri Court of Appeals

## Southern District

### Division One

HAROLD R. STATES,                )
                                 )
    Movant-Appellant,        )
                                 )
    v.                       )          No. SD35959
                                 )
STATE OF MISSOURI,               )          **Filed:  November 21, 2019**
                                 )
    Respondent-Respondent.   )

### APPEAL FROM THE CIRCUIT COURT OF POLK COUNTY

Honorable John C. Porter, Associate Circuit Judge

## AFFIRMED

Harold R. States ("Movant") brought a Rule 29.15 motion;[1] the motion was

denied without an evidentiary hearing.[2]  Movant brings one point on appeal that the

---

[1] Movant timely filed his *pro se* Motion to Vacate, Set Aside or Correct the Judgment or Sentence on October 17, 2018.  Counsel was appointed for Movant on October 17, 2018, and entered appearance on October 25, 2018.  After being granted a thirty-day extension on October 30, 2018, appointed counsel timely filed an Amended Motion to Vacate, Set Aside or Correct Judgment and Sentence on January 15, 2019.  Movant now appeals from the denial of the amended motion.  All references to rules are to Missouri Court Rules (2017).

[2] The denial at issue here is a docket entry that actually dismisses the amended motion without prejudice. "While a dismissal without prejudice is generally not appealable, "[a]n exception to this rule is found where the dismissal without prejudice effectively terminates the litigation in the form in which it is cast or in the plaintiffs chosen forum." ***Burston v. State***, 343 S.W.3d 691, 694 (Mo.App. E.D. 2011) (quoting ***Nolan v. State***, 959 S.W.2d 939, 940 (Mo.App. E.D.1998) (quotation and quotation marks omitted)). "Because the dismissal without prejudice terminated the proceedings on Movant's first Rule 29.15 motion, the dismissal was appealable." ***Id.***

1

motion court clearly erred in failing to conduct an abandonment inquiry. Movant's claim in the amended motion was that insufficient evidence existed to support Movant's conviction and that claim had no legal possibility of success because the exact same claim was denied on direct appeal. We find no error and affirm the judgment denying post-conviction relief.

## Analysis

Movant claims "abandonment" because his appointed Rule 29.15 counsel raised the exact claim of a failure to present sufficient evidence to support his convictions that was denied on Movant's direct appeal. The motion court ruled that it had no authority to collaterally attack the judgment of the appellate court and denied the motion as a matter of law. Therefore, Movant reasons that Movant's counsel abandoned Movant by raising a claim that deprived Movant of meaningful review of his claims.

Missouri Court Rules provide for the appointment of counsel for indigent movants in post-conviction cases. Because the right to counsel in post-conviction proceedings is not constitutionally based, any claim that post-conviction counsel was ineffective is "categorically unreviewable"; however, a movant may be entitled to relief if the movant is "abandoned" because of counsel's failure to discharge certain obligations. *Barton v. State*, 486 S.W.3d 332, 336-37 (Mo. banc 2016). The claim of abandonment by post-conviction counsel is limited to two circumstances: (1) when post-conviction counsel takes no action with respect to filing an amended motion or (2) post-conviction counsel is aware of the need to file an amended motion but fails to do so in a timely manner. *Waggoner v. State*, 552 S.W.3d 601, 604 (Mo.App. W.D. 2018). Here, post-

2

conviction counsel filed a timely amended motion.[3]  It is not for this Court to create a new avenue for finding abandonment—the finding by the motion court that the claim asserted has no legal possibility of success.  We can find no error that the motion court did not sua sponte raise a claim of abandonment in circumstances that have not been recognized as abandonment by the Supreme Court of Missouri.

The judgment is affirmed.


Nancy Steffen Rahmeyer, J. – Opinion Author

Gary W. Lynch, P.J. – Concurs

William W. Francis, Jr., J. – Concurs

---

[3] We note that appointed counsel's amended motion was not a "mere replication" of Movant's *pro se* motion.  Appointed counsel's amended motion deleted a ground of ineffective assistance of trial counsel found in Movant's *pro se* motion, and combined the remaining two grounds alleged in the *pro se* motion into a single ground with a greatly expanded statement of supporting facts and legal argument in the amended motion.  Appointed counsel clearly took action in furtherance of counsel's obligations under Rule 29.15.  As a result, we are not permitted to review whether the changes to the *pro se* motion made by appointed counsel in the amended motion "were well-advised, significant, or successful" or "whether a reasonably competent attorney would have made further revisions" to the *pro se* motion because claims of ineffective assistance of post-conviction counsel are "categorically unreviewable."  **Waggoner v. State**, 552 S.W.3d at 606, 604-06 (emphasis and quotation marks omitted).