

# SUPREME COURT OF MISSOURI
## en banc

WALTER BARTON,             )
                                )
      Appellant,        )
                                )
vs.                          )       **No. SC95139**
                                )
STATE OF MISSOURI,      )
                                )
      Respondent.      )

### APPEAL FROM THE CASS COUNTY CIRCUIT COURT
**The Honorable R. Michael Wagner, Judge**

*Opinion issued May 3, 2016*

Walter Barton appeals the trial court's judgment overruling his motion requesting the court to find that he was abandoned by his post-conviction counsel and denying him permission to supplement his post-conviction motion. This Court affirms. Since first recognized by this Court in *Luleff v. State, 807 S.W.2d 495 (Mo. banc 1991),* and *Sanders v. State, 807 S.W.2d 493 (Mo. banc 1991)*, the claim of abandonment by post-conviction counsel has been limited to two circumstances – when post-conviction counsel: (1) takes *no action* with respect to filing an amended motion or (2) is aware of the need to file an amended motion but fails to do so in a timely manner. Because Mr. Barton's post-conviction counsel *took* action and filed an amended motion asserting six broad grounds for relief within which he asserted 48 claims of error, the trial court did not clearly err in

overruling Mr. Barton's abandonment claim. Mr. Barton's assertions that his counsel should have brought up additional claims but failed to do so due to the mental illness of one of his two appointed counsel are claims of ineffectiveness of post-conviction counsel, not abandonment and, as such, are unreviewable in Missouri courts.

## I.      STATEMENT OF FACTS AND PROCEDURAL HISTORY

On the evening of October 9, 1991, Gladys Kuehler, the manager of an Ozark, Missouri, trailer park, was found lying in a pool of blood on the floor of her trailer. The cause of death was exsanguination as a result of more than 50 stab wounds, an ear-to-ear slitting of her throat that cut the jugular vein, and two X-shaped slash marks on her abdomen deep enough to cause evisceration. Ms. Kuehler's body was found by her granddaughter, a neighbor, and Mr. Barton. Mr. Barton frequented the mobile home park where Ms. Kuehler kept her trailer and almost immediately became a suspect in part because he admitted being in Ms. Kuehler's trailer between 2 and 2:30 p.m. the day of the murder. Mr. Barton later changed his story, saying that he had answered Ms. Kuehler's telephone in her trailer at 3:15 p.m. the day of the murder. Police also found blood on Mr. Barton's shirt that matched that of Ms. Kuehler. Police arrested Mr. Barton and charged him with Ms. Kuehler's murder.

Mr. Barton's first and second trials, held in 1991 and 1992, respectively, resulted in mistrials. His third and fourth trials resulted in first-degree murder convictions and death sentences, but both convictions later were set aside or vacated due to trial error or

ineffective assistance of trial counsel. Mr. Barton's fifth trial took place in March 2006. The jury again found him guilty of first-degree murder and recommended a sentence of death, which the trial court imposed. On direct appeal, this Court affirmed his conviction and death sentence. *State v. Barton, 240 S.W.3d 693, 711 (Mo. banc 2007).* [1]

On April 11, 2008, Mr. Barton filed a *pro se* Rule 29.15 motion for post-conviction relief. The circuit court appointed a public defender to represent him, and the Missouri State Public Defender System specially assigned Gary Brotherton and Amy Bartholow to represent Mr. Barton during his post-conviction proceedings. Mr. Brotherton prepared and filed an amended post-conviction motion asserting six broad grounds for relief,[2] within which the motion raised a total of 48 claims of error. In 2012, Mr. Brotherton was permitted to withdraw as Mr. Barton's post-conviction motion counsel. Ms. Bartholow remained as counsel for Mr. Barton, and two other public defenders also entered their appearance as his counsel. Following an evidentiary hearing, the circuit court overruled his post-conviction motion. Mr. Barton appealed. In 2014, this Court affirmed the denial of post-conviction relief. *Barton v. State, 432 S.W.3d 741,*

---

[1] This Court found reversible error during Mr. Barton's third trial when the circuit court erroneously sustained the prosecution's objection to defense counsel's closing argument. *State v. Barton, 936 S.W.2d 781 (Mo. banc 1996).* Following his fourth trial, Mr. Barton sought post-conviction relief under Rule 29.15. After this Court remanded the case for additional findings, *Barton v. State, 76 S.W.3d 280 (Mo. banc 2002),* the circuit court vacated Barton's conviction.

[2] The six grounds asserted were: (1) prosecutorial misconduct; (2) double jeopardy; (3) ineffective assistance of trial counsel; (4) ineffective assistance of appellate counsel; (5) cruel and unusual punishment under the Eighth Amendment; and (6) denial of due process by the passage of time.

*764 (Mo. banc 2014).*

One year later, Mr. Barton filed a motion requesting the post-conviction court to find he had been abandoned by his post-conviction counsel, Mr. Brotherton, and asking for permission to supplement his amended post-conviction motion with additional claims. In the motion, Mr. Barton alleged that Mr. Brotherton suffered from bipolar disorder and other personal issues at the time he prepared and filed Mr. Barton's amended post-conviction motion and that as a result of this mental illness, Mr. Brotherton did not adequately research and did not artfully draft two claims in the amended motion. Mr. Barton claimed that this inadequacy ultimately led to a finding by this Court on appeal that these two points had been waived because they were not raised in the amended motion. *Id. at* 756. He also argued that Mr. Brotherton had raised many issues with little to no merit and failed to raise some of the most critical, obvious issues. In support, Mr. Barton filed the affidavit of Ms. Bartholow, who was Mr. Brotherton's co-counsel at the time of Mr. Barton's post-conviction proceedings. Ms. Bartholow indicated that, before receiving the case, Mr. Brotherton received a diagnosis of bipolar disorder and had been placed on medication for that condition.

In response, the State argued that far from abandoning Mr. Barton, Mr. Brotherton filed a lengthy amended post-conviction motion that alleged 48 claims and was timely filed. Any deficiencies in the filing, therefore, did not constitute abandonment. If there were deficiencies, they instead constituted possible claims of ineffective assistance of

3

post-conviction counsel and, the State said, claims of ineffectiveness of post-conviction counsel are categorically unreviewable under Missouri law. The motion court overruled Mr. Barton's motion. Mr. Barton now appeals, arguing the motion court clearly erred in finding that his post-conviction counsel did not abandon him. Because Mr. Barton was sentenced to death, this Court has exclusive appellate jurisdiction under article V, section 10 of the Missouri Constitution. *See also Standing Order, June 16, 1988 (effective July 1, 1988)* (clarifying that post-conviction motions involving cases in which the defendant has been sentenced to death fall within this Court's exclusive jurisdiction under the Missouri Constitution).

## II. STANDARD OF REVIEW

Review of an order overruling a motion alleging abandonment of counsel during post-conviction proceedings is limited to a determination of whether the motion court's findings and conclusions are clearly erroneous. *Rule 29.15(k). See Eastburn v. State, 400 S.W.3d 770, 773 (Mo. banc 2013), citing Gehrke v. State, 280 S.W.3d 54, 56 (Mo. banc 2009).* "Findings and conclusions are clearly erroneous if, after reviewing the entire record, this Court is left with the definite and firm impression that a mistake has been made." *Eastburn, 400 S.W.3d at 773.*

## III. MR. BARTON'S POST-CONVICTION COUNSEL DID NOT ABANDON HIM

A criminal defendant has a Sixth Amendment right to the appointment of competent counsel when, as here, his or her liberty is at stake. *State ex rel. Missouri*

4

*Public Defender Comm'n v. Waters, 370 S.W.3d 592, 597 (Mo. banc 2012)*; *see also*

*Gideon v. Wainwright, 372 U.S. 335, 339–40 (1963).* But neither this Court nor the

federal courts have held that this Sixth Amendment right extends to the post-conviction

process. *See Martinez v. Ryan, 132 S. Ct. 1309, 1315 (2012)* (holding that "[t]his is not

the case, however, to resolve whether [counsel in post-conviction proceedings] exists as a

constitutional matter"). Accordingly, while Missouri does recognize the right to

appointed counsel in post-conviction cases when the defendant is indigent, that right is

not constitutional but statutory and rule-based. *See, e.g., § 600.086* (counsel shall be

appointed where defendant "does not have the means at his [or her] disposal or available

to him [or her] to obtain counsel in his [or her] behalf and is indigent"); *§ 600.042*

(requiring appointment of counsel in certain cases).

Rules 29.15, 29.16 and 24.035 govern the post-conviction process in Missouri

courts. Those rules require the appointment of counsel when a defendant is indigent, but

neither they nor any Missouri statute provides a defendant with a right to file a new or

amended motion if his or her appointed or retained post-conviction counsel was

ineffective. For this reason, this Court repeatedly has held, "The lack of any

constitutional right to counsel in post-conviction proceedings … precludes claims based

on the diligence or competence of post-conviction counsel ... and such claims are

'categorically unreviewable.'" *Price v. State, 422 S.W.3d 292, 297 (Mo. banc 2014)*,

*citing, Eastburn, 400 S.W.3d at 774;*[3] *Compare Martinez, 132 S. Ct. at 1320* (federal courts are not barred from considering claims of ineffectiveness of post-conviction counsel when, as is the case with Missouri, a state does not recognize claims of ineffectiveness of post-conviction counsel).

Rule 29.15(e) does require certain actions be undertaken by counsel, however. Counsel must:

> [A]scertain whether sufficient facts supporting the claims are asserted in the [*pro se*] motion and whether the movant has included all claims known to the movant as a basis for attacking the judgment and sentence. If the motion does not assert sufficient facts or include all claims … counsel shall file an amended motion that sufficiently alleges the additional facts and claims. If counsel determines that no amended motion shall be filed, counsel shall file a statement setting out facts demonstrating what actions were taken ….

*Rule 29.15(e).* In *Luleff* and *Sanders*, this Court recognized that the failure to file an amended motion or a statement setting out the facts demonstrating that no motion need be filed is not merely a claim of ineffective assistance of counsel. *807 S.W.2d at 495; 807 S.W.2d at 493.* Rather, in such a case it is as if counsel had not been appointed at all, for counsel has abandoned his or her client. For this reason, *Luleff* and *Sanders* held that claims of abandonment by post-conviction counsel in violation of Rule 29.15(e), 29.16 or 24.035(e) are cognizable. *Id.*

---

[3] *See also State v. Ervin, 835 S.W.2d 905, 928–29 (Mo. banc 1992)* (holding that "abandonment" is not ineffective assistance of counsel and that allegations of ineffective assistance of counsel are categorically unreviewable), and *Reuscher v. State, 887 S.W.2d 588, 591 (Mo. banc 1994)* (holding that there is no constitutional right to effective counsel for the purpose of filing an initial motion for post-conviction relief).

In *Luleff*, the record reflected that movant's post-conviction appointed counsel took no action whatsoever on movant's behalf. *807 S.W.2d at 498*. Not only did appointed counsel not file an amended motion, counsel never entered his appearance in the case and there was no indication that he ever communicated with movant. *Id.* This Court remanded for a determination by the circuit court as to whether appointed counsel failed to meet the requirements of Rule 29.15(e) and, therefore, essentially "abandoned" his client. *Id.* The Court held, "If the court determines … that counsel has failed to act on behalf of the movant, the court shall appoint new counsel, allowing time to amend the *pro se* motion, if necessary …." *Id.*

In *Sanders* – decided the same day as *Luleff* – movant's appointed counsel *did* take some action and determined that an amended motion was necessary but failed to timely file that motion as required by Rule 29.15. *807 S.W.2d at 494–95*. The Court noted the compelling similarities between the holding in *Luleff* and the case before it and held that failure to file a timely amended motion "is, in effect, another form of 'abandonment' by postconviction counsel." *Id. at 495*. As in *Luleff*, this Court remanded, directing that, "If the [circuit] court determines that the untimeliness of the amended motion resulted exclusively from counsel's action or inaction, the court shall consider the amended motion as having been timely filed …." *Id.*

Since this Court recognized the claim in 1991, abandonment has been limited to the two circumstances found in *Luleff* and *Sanders*: when counsel fails to act in a timely

7

manner or fails to act at all in filing an amended motion.[4]  Mr. Barton notes that this Court has held that "[t]he precise circumstances, in which a motion court may find abandonment, are not fixed …."  *Crenshaw v. State, 266 S.W.3d 257, 259 (Mo. banc 2008)*.  In support of this statement, *Crenshaw* noted that in *McFadden v. State, 256 S.W.3d 103 (Mo. banc 2008),* this Court held that the failure by appointed counsel to file movant's *initial* post-conviction motion constituted abandonment.  While Mr. Barton is correct that *Crenshaw* so held, citing *McFadden*, *McFadden*'s holding later was clarified and narrowed by this Court's decision in *Price*.  *Price* held that a claim of abandonment by counsel does not apply to untimely *initial* motions, as those motions are to be filed by the movant, not by counsel.  *Price, 422 S.W.3d at 298*.  *Price* said that cases such as *McFadden*, in which the movant took all reasonable actions to file a timely initial motion but counsel interfered with its filing by telling the movant that counsel would file it, are best understood as cases of third-party interference, not counsel abandonment.  *Id. at 303–07*.  Such third-party interference can also constitute a basis for allowing the filing of a new motion for post-conviction relief *by the movant*.  *Id.; see also Nicholson v. State, 151 S.W.3d 369 (Mo. banc 2004)*.  But third-party interference is not abandonment even when an attorney was the one responsible for the interference.  *Price, 422 S.W.3d at 307*.

---

[4] For example, in *Vogl v. State, 437 S.W.3d 218 (Mo. banc 2014)*, movant's initial *pro se* motion was not time-stamped correctly by the circuit clerk when it was received, leading to appointed counsel withdrawing due to the filing of an untimely motion.  This Court found abandonment of counsel due to counsel's failure to look into and discover the clerical error before withdrawing as counsel.

8

*Price* thereby makes clear that while the precise circumstances constituting abandonment naturally may vary, the *categories* of claims of abandonment long have been fixed: in general "abandonment is available 'when (1) post-conviction counsel takes no action on movant's behalf with respect to filing an amended motion … or (2) when post-conviction counsel is aware of the need to file an amended post-conviction relief motion and fails to do so in a timely manner.'" *Crenshaw, 266 S.W.3d at 259, citing, Barnett v. State, 103 S.W.3d 765, 773–74 (Mo. banc 2003)*; *see also Moore v. State, 934 S.W.2d 289, 291 (Mo. banc 1996).* For this reason, "Claims of abandonment are reviewed carefully to ensure that the true claim is abandonment and not a substitute for an impermissible claim of ineffective assistance of post-conviction counsel." *Eastburn, 400 S.W.3d at 774.*

Mr. Barton alleges that Mr. Brotherton suffered from a mental illness at the time he represented Mr. Barton in post-conviction proceedings and that this caused Mr. Brotherton to abandon him. But, assuming the facts alleged by Mr. Barton are true, they do not constitute abandonment. Unlike counsel in *Luleff, Sanders,* and similar abandonment cases, Mr. Brotherton filed a timely amended motion on behalf of Mr. Barton asserting 48 claims and six grounds for relief. Mr. Barton's allegation is that this was inadequate because Mr. Brotherton failed to include "vital" issues in his amended motion that were later deemed waived on appeal. This in turn, Mr. Barton argues, deprived him of the fair disposition of his Rule 29.15 proceeding. In other words,

Mr. Barton is claiming that Mr. Brotherton's illness made him miss claims he otherwise would have brought. Mr. Barton's claim is one of ineffective assistance of post-conviction counsel, which is categorically unreviewable in Missouri state courts. *Price, 422 S.W.3d at 297.*

Making this delineation between abandonment and ineffective assistance claims is essential both because it is required by Missouri law and because it clarifies for the federal courts that litigants who received ineffective assistance of post-conviction counsel may not obtain relief in Missouri state courts. *Gehrke* held that this is important because:

> [T]he Court limits the scope of abandonment to preserve potential relief under federal habeas corpus proceedings. Federal habeas corpus proceedings require a movant to exhaust all available state remedies, including appeal and postconviction remedies, before bringing a federal claim. State court remedies are exhausted when they are no longer available, regardless of the reason for their unavailability. If the scope of abandonment were expanded further, it is foreseeable that federal habeas corpus claims could be denied due to a movant's failure to bring a motion to reopen postconviction proceedings. This would frustrate the legitimate goals of a prompt comprehensive review and finality.

*280 S.W.3d at 59* (internal quotations and citations omitted). Whether or not Mr. Barton has a cognizable federal claim of ineffective assistance under *Martinez, 132 S. Ct. at 1309*, he does not have a claim of abandonment under Missouri law and was not required to seek further relief in Missouri courts as a necessary step to pave the way for a federal habeas petition.

Mr. Barton nonetheless did file this claim of abandonment. The motion court did not clearly err in overruling it without an evidentiary hearing. His claim does not fit

within Missouri's definition of "abandonment" and is not cognizable in Missouri courts.

## IV.  CONCLUSION

Mr. Barton's post-conviction counsel did not abandon him during post-conviction proceedings under Missouri's narrow definition of "abandonment."  Mr. Barton's counsel filed an amended motion asserting 48 claims within six broad grounds for relief.  By doing so, he did not abandon Mr. Barton.  Whether he was ineffective in not raising other claims that Mr. Barton claims were both meritorious and should have been raised is not a claim that is cognizable in Missouri courts.  The circuit court's judgment is affirmed.

_____
**LAURA DENVIR STITH, JUDGE**

All concur.

11