

# In the Missouri Court of Appeals
# Eastern District

### DIVISION ONE

| | | |
|---|---|---|
| JIHAD A. SPANN, | ) | No. ED110550 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | 2022-CC10450 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Steven R. Ohmer |
| | ) | |
| Respondent. | ) | Filed:  September 26, 2023 |

Jihad A. Spann ("Movant") appeals the judgment denying his Rule 29.15[1] motion for post-conviction relief following an evidentiary hearing.  We affirm.

## I.  BACKGROUND

In August 2016, the State jointly charged Movant and two co-defendants for their involvement in an incident which resulted in Victim's death.  Movant was tried by a jury and found guilty of murder in the first degree (Count I) and armed criminal action (Count II).  The court sentenced Movant to life without the possibility of parole for Count I and 100 years of imprisonment for Count II, with the sentences to run consecutively.  Movant filed a direct appeal, and this Court affirmed Movant's convictions and sentences in *State v. Spann*, 604 S.W.3d 852 (Mo. App. E.D. 2020).

---

[1] All further references to Rules are to Missouri Supreme Court Rules (2020), which was the version of the rules in effect at the time Movant's *pro se* motion for post-conviction relief was filed on December 1, 2020.

Movant then filed a timely *pro se* Rule 29.15 motion raising thirty-seven claims for post-conviction relief. Appointed counsel later filed a timely amended Rule 29.15 motion containing four claims for relief. The motion court subsequently held an evidentiary hearing on Movant's amended motion, where Movant personally addressed the court and raised the issue of alleged abandonment by post-conviction counsel. Thereafter, the motion court entered a judgment denying Movant's amended motion and issuing findings of fact and conclusions of law. This appeal followed.[2]

## II.  DISCUSSION

Movant raises four points on appeal. Movant's first three points on appeal contend the motion court erred in denying his amended motion for post-conviction relief because the court failed to conduct an independent inquiry into Movant's alleged abandonment claim. Movant's fourth point on appeal argues the motion court erred by failing to issue findings of fact and conclusions of law on all claims raised by Movant's *pro se* motion.

### A.  Standard of Review

Our Court reviews the denial of a Rule 29.15 motion for post-conviction relief only to determine if the findings of fact and conclusions of law of the motion court are clearly erroneous. Rule 29.15(k); *McCoy v. State*, 431 S.W.3d 517, 520 (Mo. App. E.D. 2014). Findings and conclusions are clearly erroneous if, after a review of the entire record, we are left with the definite and firm impression that a mistake has been made. *McCoy*, 431 S.W.3d at 520. This Court presumes the motion court's findings are correct. *Id*.

---

[2] To avoid unnecessary repetition, additional facts relevant to each of Movant's points on appeal will be set forth in Sections II.B. and II.C. of this opinion.

**B.      Movant's First Three Points on Appeal**

Movant's first, second, and third points on appeal similarly contend, for various reasons, that the motion court erred in failing to conduct an independent inquiry into the issue of alleged abandonment by post-conviction counsel.  The first point on appeal claims post-conviction counsel's alleged failure to "meet with" Movant prior to filing the amended motion raised a presumption of abandonment.[3]  In his closely related second point on appeal, Movant claims post-conviction counsel failed to comply with the requirements of Rule 29.15(e), which raised a presumption of abandonment.  Additionally, Movant's third point on appeal claims the record in this case raised a presumption of abandonment when post-conviction counsel failed to file a motion to amend the motion court's judgment denying post-conviction relief after Movant raised the issue of abandonment.

**1.      Analysis of Movant's Alleged Abandonment Claim**

The Missouri Supreme Court has unambiguously defined the limits of the abandonment doctrine, stating "that while the precise circumstances constituting abandonment naturally may vary, the *categories* of claims of abandonment long have been fixed." *Barton v. State*, 486 S.W.3d 332, 338 (Mo. banc 2016) (emphasis in original).  "[T]he claim of abandonment by post-conviction counsel has been limited to two circumstances – when post-conviction counsel: (1) takes *no action* with respect to filing an amended motion or (2) is aware of the need to file an amended motion but fails to do so in a timely manner." *Id*. at 334 (emphasis in original).  "[T]he

---

[3] The record in this case is ambiguous as to whether Movant's claim regarding post-conviction counsel's failure to "meet with" him alleges a failure to schedule a specific type of meeting, e.g., an in-person meeting at the Department of Corrections, or whether Movant alleges a failure by counsel to communicate with him entirely.  At the evidentiary hearing, Movant stated, "Movant has never met with nor seen [post-conviction counsel] before today, Friday, December 10, 2021.  [Post-conviction counsel] was assigned Movant's case on Thursday, December 10, 2020.  During that time, post[-]conviction . . . counsel failed to schedule one profession[al] legal visit with [the] client in the Department of Corrections."  Additionally, Movant has failed to demonstrate how any changes to the amended motion stemming from a meeting with counsel would have potentially affected the outcome of the evidentiary hearing.

rationale behind the creation of the abandonment doctrine . . . was not a newfound willingness to police the performance of postconviction counsel generally." *Price v. State*, 422 S.W.3d 292, 298 (Mo. banc 2014). Courts carefully review a claim of abandonment to ensure it is not an impermissible substitute for a claim of ineffective assistance of post-conviction counsel. *Barton*, 486 S.W.3d at 338.

As Movant explicitly acknowledges in his brief on appeal, "appointed counsel timely filed an amended motion" in this case. Therefore, Movant's claim for relief could only fall within the first category of abandonment recognized in *Barton*, i.e., instances where post-conviction counsel "takes *no action* with respect to filing an amended motion." *Id*. at 334 (emphasis in original). However, the record on appeal clearly shows post-conviction counsel took *some* action regarding Movant's amended motion because, as Movant recognizes in his brief on appeal, counsel timely filed the amended motion and significantly reduced the number of claims from the original thirty-seven included in Movant's *pro se* motion to the four claims counsel set forth in the amended motion. *See Waggoner v. State*, 552 S.W.3d 601, 604-06 (Mo. App. W.D. 2018). Accordingly, Movant's claim for post-conviction relief does not fall into either recognized category of abandonment, and therefore the motion court did not err in failing to conduct an independent inquiry into abandonment. *See id*. (similarly holding).

2.     **Movant's Arguments to Extend the Abandonment Doctrine**

Movant advances several arguments contending the abandonment doctrine extends beyond the two explicit categories of claims recognized by the Missouri Supreme Court and thus encompasses a situation, as allegedly occurred in this case, where post-conviction counsel fails to "meet with" a movant. Movant specifically argues that, *inter alia*, the Missouri Supreme

4

Court has extended the abandonment doctrine through its holdings in *White* and *Vogl*.[4] For the reasons discussed below, we find these arguments unavailing.

### a. Movant's Argument Under *White*

Movant claims "[the] Supreme Court of Missouri has understood [the] specific requirements of appointed counsel" under Rule 29.15(e) to include "meet[ing] with the defendant." (emphasis omitted). In support of his claim, Movant quotes the Missouri Supreme Court in *White*, where the Court made a statement regarding how, under the facts of that case, counsel had limited time "to meet with the defendant, research all the possible grounds for relief, and draft the amended motion." *State v. White*, 873 S.W.2d 590, 596 (Mo. banc 1994) (superseded by rule on other grounds).

Even if we assume *arguendo* Movant is correct and the Missouri Supreme Court has interpreted Rule 29.15(e) as requiring appointed counsel "to meet with the defendant," it does not automatically follow that the Court intended its statement in *White* to expand the abandonment doctrine into situations where counsel fails to do so. *See* 873 S.W.2d at 596. The Missouri Supreme Court has clarified the abandonment doctrine in multiple holdings after *White*, and has explicitly limited abandonment claims to only two instances, "when counsel fails to act in a timely manner or fails to act at all in filing an amended motion." *Barton*, 486 S.W.3d at 337; *see also Price*, 422 S.W.3d at 297-300. Under the current state of Missouri law, Movant's allegation that appointed counsel failed to "meet with" him amounts to "an impermissible claim of ineffective assistance of post-conviction counsel," not a claim of abandonment within the two

---

[4] Movant also argues a holding in *Crenshaw v. State*, 266 S.W.3d 257 (Mo. banc 2008) extended Missouri's abandonment doctrine. In making this argument, Movant analogizes his situation to *McFadden v. State*, 256 S.W.3d 103 (Mo. banc 2008) (abrogated by *Price*, 422 S.W.3d 292). However, the Missouri Supreme Court has already addressed and rejected a notably similar argument, including a pertinent discussion of the holdings in both *Crenshaw* and *McFadden*. *See Barton*, 486 S.W.3d at 337-39. Accordingly, Movant's reliance on the holdings in *Crenshaw* and *McFadden* has no merit.

limited circumstances of the current doctrine, thus making Movant's claim "categorically unreviewable."[5]  *Barton*, 486 S.W.3d at 337, 338 (citation omitted); *see also Waggoner*, 552 S.W.3d at 603-04, 605.

### b.    Movant's Argument Under *Vogl*

Additionally, Movant argues the Missouri Supreme Court extended the abandonment doctrine with its holding in *Vogl v. State*, 437 S.W.3d 218 (Mo. banc 2014).  Specifically, Movant claims:

> [A]n abandonment inquiry is required under *Vogl*, which clearly extends the [Missouri Supreme] Court's abandonment doctrine into an evaluation of whether counsel met its 'duty to ascertain' whether sufficient facts supporting the claims are asserted in the motion and whether the movant has included all claims known to him as a basis for attacking the judgment and sentence.

Movant's reliance on *Vogl* as an extension of the abandonment doctrine is misplaced. Rather than creating an extension of the abandonment doctrine, *Vogl* falls within the first general category of abandonment cases recognized by the Missouri Supreme Court, i.e., cases where post-conviction counsel "takes *no action* with respect to filing an amended motion."  *See Barton*, 486 S.W.3d at 334 (emphasis in original).  In *Vogl*, appointed post-conviction counsel filed a motion requesting the appointment of counsel be rescinded due to the alleged untimely filing of the movant's *pro se* motion.  437 S.W.3d at 220-21.  Appointed counsel never filed an amended motion on the movant's behalf.  *Id*. at 227.  The Court held that under this specific set of circumstances, there existed a presumption of abandonment and the motion court erred in not conducting an independent inquiry.  *Id*. at 230.  Specifically, the Court found a presumption of

---

[5] On appeal, Movant is essentially arguing post-conviction counsel was ineffective for failing to "meet with" Movant and subsequently raise other, additional claims in his amended motion.  The Missouri Supreme Court has held an argument that post-conviction counsel was ineffective for not raising other claims in an amended motion that "were both meritorious and should have been raised" is not cognizable.  *Barton*, 486 S.W.3d at 339.  Nevertheless, we note that in this case, Movant has failed to demonstrate how any of the claims raised in his *pro se* motion would have been meritorious and changed the outcome of the evidentiary hearing.

6

abandonment existed "[b]ecause the record in [the movant's] case show[ed] that no amended motion or statement was filed by appointed counsel." *Id.* Therefore, contrary to Movant's argument, *Vogl*'s holding did not extend the abandonment doctrine but rather found the specific facts in that case applied to one of the two pre-existing categories. *See id.*; *see also Barton*, 486 S.W.3d at 334.

### 3. Conclusion as to Movant's First Three Points on Appeal

Because appointed post-conviction counsel filed an amended motion on Movant's behalf and did so in a timely manner, the motion court was not required to conduct an independent inquiry into Movant's alleged abandonment claim. Accordingly, the motion court did not clearly err in denying Movant's Rule 29.15 motion for post-conviction relief without first conducting an independent abandonment inquiry. *See Barton*, 486 S.W.3d at 339. Movant's first three points on appeal are denied.

## C. Movant's Fourth Point on Appeal

In Movant's fourth and final point on appeal, he argues the motion court erred in failing to issue findings of fact and conclusions of law on all claims raised in his *pro se* motion.

In this case, Movant filed his *pro se* motion for post-conviction relief containing thirty-seven claims, and Movant's post-conviction counsel then filed a timely amended motion containing four claims. The four claims in Movant's amended motion were addressed by the motion court in its findings of fact and conclusions of law. Movant argues the motion court violated Rule 29.15(j) because it did not issue findings of fact and conclusions of law for "each and every" claim raised by Movant in his *pro se* motion, i.e., all thirty-seven initial claims. We disagree.

7

Rule 29.15(j) states, in pertinent part, that "[t]he court shall issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held." *Id.* However, "[t]he parties and the court should consider only the amended motion, and not [the movant's] *pro se* motion[,] because the amended motion supersedes [the movant's] *pro se* motion and renders it a *nullity*." *Wills v. State*, 321 S.W.3d 375, 386 (Mo. App. W.D. 2010) (internal quotations and citation omitted) (emphasis in original).[6] Any claims from a movant's *pro se* motion which are not included in a subsequent amended motion are not to be considered by the court. *Id.* Accordingly, "[t]he motion court ha[s] no duty to respond to the allegations in [the] movant's *pro se* motion that were not in the amended motion," and "[any] reference to those allegations in the motion's court's findings is *surplusage*." *Id.* (emphasis in original) (internal quotations and citation omitted); *see also* Rule 29.15(g) (stating, in relevant part, that "[t]he amended motion shall not incorporate by reference or attachment material contained in any previously filed motion nor attach or incorporate the *pro se* motion," and "[a]ll claims shall be included within the same body and text of the amended motion").

Movant's amended motion in this case raised a total of four claims, including three claims of ineffective assistance of trial counsel and a fourth claim for ineffective assistance of appellate counsel. The motion court was only required to issue findings of fact and conclusions of law on the claims raised in Movant's amended motion, and it did so, addressing all four claims in its judgment.

---

[6] In *Wills*, the movant filed a post-conviction motion pursuant to Rule 24.035, which is the post-conviction rule applicable to movants who have pleaded guilty. *Wills*, 321 S.W.3d at 386. Rule 24.035 contains certain substantive provisions that are identical to the provisions in Rule 29.15, which is the post-conviction rule applicable to movants convicted of a felony after a trial. *See Vogl*, 437 S.W.3d at 224 n.7. "Accordingly, case law interpreting a provision that is identical in both rules applies equally in proceedings under either rule." *Id.*

Based on the foregoing, the motion court did not clearly err in failing to issue findings of fact and conclusions of law on all thirty-seven claims raised in Movant's *pro se* motion. Point four is denied.

### III.    CONCLUSION

The motion court's judgment denying Movant's Rule 29.15 motion for post-conviction relief after a hearing is affirmed.


_____
ROBERT M. CLAYTON III, Presiding Judge

Philip M. Hess, J., and
Cristian M. Stevens, J., concur.