

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| SOKOL ZUKO, | ) | No. ED110988 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of Jefferson County |
| v. | ) | Cause No. 20JE-CC00024 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Brenda Stacey |
| | ) | |
| Respondent. | ) | Filed: November 21, 2023 |

Sokol Zuko ("Movant") appeals the circuit court's judgment denying his Rule 24.035 postconviction motion after an evidentiary hearing. Movant argues the circuit court erred in allowing Movant's counsel to represent him in both his direct appeal and in filing his amended Rule 24.035 motion. The circuit court's judgment is affirmed.

## Background

In January 2016, Movant operated a vehicle while under the influence of heroin and ran a red light. Movant collided with another vehicle, which resulted in the death of both his passenger and the other vehicle's driver. The State charged Movant with two counts of first-degree involuntary manslaughter and two counts of possession of a controlled substance.

Movant pleaded guilty to one count of first-degree manslaughter and two counts of possession of a controlled substance. The circuit court sentenced Movant to twenty years'

imprisonment for involuntary manslaughter and ten years' imprisonment for each count of possession of a controlled substance, to run concurrently. Movant appealed, challenging the sufficiency of the charging document. This Court affirmed his conviction and sentence. *State v. Zuko*, 589 S.W.3d 732 (Mo. App. 2019).

Movant timely filed his *pro se* Rule 24.035 motion for postconviction relief. In that motion, Movant again challenged the sufficiency of the charging document. The circuit court appointed the public defender to represent Movant. However, Movant retained private counsel, who timely filed an amended motion. Movant's retained postconviction counsel was the same attorney who represented him during his guilty plea and direct appeal. The circuit court conducted an evidentiary hearing on the merits of Movant's motion and denied relief.

## Standard of Review

This Court's review of a Rule 24.035 motion judgment is "limited to a determination of whether the findings and conclusions of the [circuit] court are clearly erroneous." Rule 24.035(k). "A judgment is clearly erroneous when, in light of the entire record, the court is left with the definite and firm impression that a mistake has been made." *Hatmon v. State*, 661 S.W.3d 760, 764 (Mo. banc 2023) (quoting *Swallow v. State*, 398 S.W.3d 1, 3 (Mo. banc 2013)).

## Discussion

Movant's argument in this Court stems from the fact that his retained postconviction attorney also represented him for his guilty plea and direct appeal. Movant argues that his counsel necessarily had a conflict of interest during the postconviction proceeding because it would be impossible for counsel to identify his own ineffective actions. Movant believes the circuit court failed to inquire into his counsel's conflict of interest and the failure to do so

2

constitutes structural error requiring remand to allow a non-conflicted attorney to represent Movant in the postconviction proceeding.

"'Structural defects' are constitutional errors that 'defy analysis by 'harmless-error' standards' because they 'affec[t] the framework within which the trial proceeds, [and are not] simply [errors] in the trial process itself.'" *State v. Johnson*, 207 S.W.3d 24, 38 (Mo. banc 2006) (quoting *Arizona v. Fulminante,* 499 U.S. 279, 309-10, 111 S. Ct. 1246, 113 L.Ed.2d 302 (1991)). The deprivation of the right to counsel at trial is a structural defect. *Fulminante,* 499 U.S. 279 at 309; *see also State v. Teter*, 665 S.W.3d 306, 321–22 (Mo. banc 2023) (Breckenridge, J. concurring) ("Denying a defendant the right to counsel at trial requires reversal because it is structural error resulting in manifest injustice.").

However, Movant was not denied the right to counsel at any stage of the proceedings surrounding his guilty plea. Movant retained counsel to file his direct appeal. Movant retained that same counsel to file his amended Rule 24.035 motion, even after the circuit court appointed the public defender to represent him. Even accepting Movant's argument that his counsel had a conflict of interest during the postconviction proceeding, that conflict cannot be attributed to counsel during the direct appeal. In other words, nothing about the conflict of interest impugns counsel's performance during the guilty plea or direct appeal of Movant's conviction and sentence.

Movant's complaint in this appeal truly is that his postconviction counsel failed to raise a claim of ineffective assistance of appellate counsel. This assertion is "more appropriately characterized as a claim of ineffective assistance of post-conviction counsel." *McFadden v. State*, 619 S.W.3d 434, 462 (Mo. banc 2020) (quoting *Eastburn v. State*, 400 S.W.3d 770, 774 (Mo. banc 2013)). But the Sixth Amendment right to the appointment of competent counsel does

not extend to the postconviction process. *Barton v. State*, 486 S.W.3d 332, 336 (Mo. banc 2016). "The lack of any constitutional right to counsel in post-conviction proceedings ... precludes claims based on the diligence or competence of post-conviction counsel ... and such claims are 'categorically unreviewable.'" *Id.* (quoting *Price v. State,* 422 S.W.3d 292, 297 (Mo. banc 2014)).

Movant's claim that an actual conflict of interest prevented counsel from raising additional claims during his postconviction proceeding is a claim going to the competence and diligence of his postconviction counsel. Movant's claim is, therefore, categorically unreviewable.

**Conclusion**

The circuit court's judgment is affirmed.

_____
John P. Torbitzky, J.

James M. Dowd, J., and
Michael S. Wright, J., concur.

4