

# Missouri Court of Appeals

## Southern District

### In Division

JAMES DARRON BEERBOWER, JR.,   )
   )
      Appellant,   )     No. SD38019
   )
v.   )     **Filed:  September 23, 2024**
   )
STATE OF MISSOURI,   )
   )
      Respondent.   )

### APPEAL FROM THE CIRCUIT COURT OF REYNOLDS COUNTY

### Honorable Nathan T. Kelsaw, Judge

### **DISMISSED**

James Darron Beerbower, Jr., appeals from the motion court's denial of his amended Rule 29.15 motion for post-conviction relief after an evidentiary hearing.[1] Beerbower's claims in this appeal were not raised in a timely filed amended motion. While Beerbower's counsel filed an affidavit alleging he abandoned Beerbower by failing to timely file an amended motion, Beerbower's counsel was not *appointed*, so the abandonment doctrine does not apply. Nevertheless, the trial court found Beerbower had been abandoned by counsel and treated the amended motion as timely filed. This was a mistake. Because

---

[1] All rule references are to Missouri Court Rules (2021).

Beerbower's claims were not raised in a timely filed amended motion and because the abandonment doctrine only applies to cases where counsel is *appointed*, the motion court was without authority to rule on the merits of Beerbower's amended motion. Instead, the motion court should have ruled on the claims raised in Beerbower's timely filed *pro se* motion. Since the motion court did not adjudicate the claims raised in Beerbower's *pro se* motion, there is no final, appealable judgment for us to review. Beerbower's appeal is dismissed and the matter is remanded for further proceedings consistent with this opinion.

**Facts and Procedural History**

Beerbower was charged as a prior offender with three class A felonies of child molestation in the first degree. Following a jury trial, Beerbower was found guilty as charged, and sentenced by the trial court to three concurrent life sentences. This Court affirmed Beerbower's convictions on direct appeal in ***State v. Beerbower***, 619 S.W.3d 117 (Mo. App. S.D. 2020), and we issued the mandate on April 8, 2021.

Beerbower timely filed his *pro se* Rule 29.15 motion on July 8, 2021.[2] On July 20, the motion court directed the "[c]lerk to notify the Missouri Public Defender" of Beerbower's Rule 29.15 motion. Post-conviction counsel, an attorney with the Public Defender's office, entered his appearance on August 6, and requested a 30-day extension for filing an amended motion. The motion

---

[2] Beerbower's *pro se* motion alleged, in relevant part that he received "inef[f]ective assistance of counsel" when counsel "[d]idn't offer depo[si]tions for cross-ex" and "failed to call witnesses & lab techs to offer DNA results as defense evidence[.]"

court granted the extension on August 25, making the amended motion due November 4. *See* Rule 29.15(g).

On November 1, post-conviction counsel requested a second 30-day extension of the deadline for filing an amended motion. On December 6, 122 days after post-conviction counsel entered an appearance, post-conviction counsel filed an untimely Rule 29.15 amended motion.[3] *See* Rule 29.15(g) (requiring the amended motion be filed within 120 days of the earlier of the date the mandate is issued and counsel is appointed, or an entry of appearance is filed by any counsel not appointed). On December 15, the motion court errantly purported to grant post-conviction counsel's second request for extension. *See* ***Earl v. State***, 628 S.W.3d 695, 699 (Mo. App. E.D. 2021) ("Though the motion court granted an extension, the motion court lacked discretion to rule on the motion at this late date.").

After the second request for an extension was granted, post-conviction counsel filed an affidavit "regarding abandonment." The affidavit acknowledged the motion court did not grant the second extension of the deadline for filing the amended motion until after the amended motion was due and filed, and the amended motion was therefore untimely. The affidavit alleged the untimely filing was "due to [post-conviction counsel's] error in calculating the applicable deadlines under Rule 29.15 and the relevant case law," and that it was "no fault of

---

[3] The untimely amended motion alleged, in relevant part, trial counsel was ineffective for: (1) "unreasonably fail[ing] to make an offer of proof concerning [Victim 1]'s and [Victim 2]'s prior sexual conduct among themselves[;]" (2) "unreasonably fail[ing] to request a change of venue[;]" and (3) "unreasonably fail[ing] to object to an improper acquittal-first argument during the State's summation."

[Beerbower's]."  The affidavit requested the motion court determine Beerbower was abandoned, and the untimely amended motion be treated as timely under *Sanders v. State*, 807 S.W.2d 493 (Mo. banc 1991).

The motion court found the amended motion untimely when it was filed on December 6.  The motion court further found post-conviction counsel had "filed an affidavit of abandonment[,]" and "based upon the testimony and the affidavit of [post-conviction counsel] . . . that [Beerbower's] claim for relief is timely."  The motion court denied Beerbower's amended motion for post-conviction relief.

## Analysis

Before determining the merits of Beerbower's points, we have an independent duty to verify the timeliness of the post-conviction motion.  *See Moore v. State*, 458 S.W.3d 822, 826-27 (Mo. banc 2015).  Beerbower acknowledges his amended motion was not timely filed but argues its untimeliness should be excused because he was abandoned by his post-conviction counsel.  The State argues the abandonment doctrine does not apply because post-conviction counsel was not appointed.  The State is correct.

"Normally, the failure to file a timely amended motion or statement in lieu of an amended motion by post-conviction counsel creates a presumption of abandonment."  *Cooper v. State*, 675 S.W.3d 718, 721 (Mo. App. S.D. 2023).  But this presumption only applies in cases where counsel is *appointed*, *Gittemeier v. State*, 527 S.W.3d 64, 71 (Mo. banc 2017), and where:  (1) post-conviction counsel takes *no* action with respect to filing an amended motion; or (2) is aware of the need to file an amended motion but fails to do so in a timely

4

manner.[4] **Barton v. State**, 486 S.W.3d 332, 334 (Mo. banc 2016).  By adopting this doctrine, we have "recognized that the failure to file an amended motion . . . is not merely a claim of ineffective assistance of counsel.  Rather, in such a case it is as if counsel had not been appointed at all, for counsel has abandoned his or her client."  **Id.** at 336 (internal citations omitted).

Beerbower's argument fails because the abandonment doctrine does not apply to situations where counsel is retained or voluntarily enters his or her appearance where no appointment of counsel has been ordered; it only applies where counsel is *appointed*.  **Gittemeier**, 527 S.W.3d at 71; *see* Rule 29.15(g) ("If an amended motion or statement in lieu of an amended motion is not timely filed by appointed counsel, then the court shall conduct an inquiry on the record to determine if movant was abandoned by appointed counsel.").  This is true even when the counsel that enters his or her appearance is a public defender. **Kemper v. State**, 681 S.W.3d 611, 615 (Mo. App. E.D. 2023) (finding abandonment doctrine did not apply where the motion court never entered an appointment order and the assistant public defender voluntarily entered her appearance on movant's behalf).

Here, post-conviction counsel was not "appointed" because the motion court never entered an order appointing the public defender's office.  Rather, the motion court directed the "[c]lerk to notify the Missouri Public Defender" of

---

[4] Our courts have limited the doctrine's application to these circumstances because the doctrine arose out of the need to balance two important policies—the court's decision to provide counsel for all indigent inmates and the court's steadfast refusal to address claims based on ineffectiveness of post-conviction counsel. **Id**. at 69.

Beerbower's Rule 29.15 motion. But a directive to the clerk to notify the public defender's office is not an appointment of counsel. *See **Creighton v. State***, 520 S.W.3d 416, 419 (Mo. banc 2017) (holding the motion court's memorandum which notified the public defender that the defendant had filed a *pro se* Rule 29.15 motion was not an appointment).

Because the abandonment doctrine was intended to apply only to situations where it is "as if counsel had not been appointed at all," it does not apply to situations like this, where counsel voluntarily enters an appearance without an order appointing counsel.[5] When counsel voluntarily enters his or her appearance on behalf of a movant, as opposed to being appointed by the court, counsel has voluntarily taken an action indicating he or she has knowledge of the case and intends to represent the client. In that situation, it is not "as if counsel had never been appointed at all." This is true even if the counsel that enters his or her appearance is a public defender. In such a scenario, there is no meaningful distinction between a privately retained counsel who enters an appearance and a public defender who voluntarily enters an appearance since both have taken an action in the case acknowledging their representation of the movant. Because post-conviction counsel was not appointed, the trial court erred in finding movant had been abandoned.

Since Beerbower's *pro se* motion included at least one claim not raised in the amended motion, the motion court failed to dispose of all of the claims and

---

[5] Indeed, post-conviction counsel's amended motion expressly acknowledged the motion court "did not 'appoint' the public defender's office, but rather 'notified' the office" and that post-conviction counsel entered his appearance after receiving that notification.

the judgment is not final.  *See **Joyner v. State***, 685 S.W.3d 651, 654 (Mo. App. E.D. 2024).

## Conclusion

Beerbower's appeal is dismissed for lack of a final judgment, and remanded for further proceedings consistent with this opinion.


MARY W. SHEFFIELD, J. – OPINION AUTHOR

JENNIFER R. GROWCOCK, C.J. – CONCURS

JEFFREY W. BATES, J. – CONCURS